Joseph Eugene Robert HOULE,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 73-3960
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 9, 1974.

Joseph E. R. Houle, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

This appeal is from denial of a motion in the nature of one seeking relief under 28 U.S.C.A. § 2255. Appellant claims that the sentence was based on impermissible considerations, to wit, the fact of his arrest while on bail awaiting trial, and a series of Canadian convictions allegedly suffered without the benefit of counsel.[1]

As for the subsequent arrest, it is clear that a sentencing judge's wide discretion permits consideration of arrests even if, as here, they do not result in indictment. See United States v. Marcello, 5 Cir., 1970, 423 F.2d 993, 1012; United States v. Sweig, 2 Cir., 1972, 454 F.2d 181.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. The claim that these matters were considered is based on the following discussion at sentencing:
"The Court: All right, sir. Let's see, you were arrested for this offense back in July, was it not?
"The Defendant: Yes, sir.
"The Court: And were you out on bond, presentence report tells me you were picked up again with ten pounds of marijuana. Is that right?

"The Defendant: Yes, your Honor.
"The Court: You were arrested on that charge, I am not asking if you were guilty or not.
"Mr. Hall (Appellant's attorney): There has been no indictment returned on that offense, your Honor. He and a number of other people were involved.
"The Court: You have a long record going back to 1949 in Canada. On counts one and two jointly, I impose a period of confinement of twenty years to be served."

As for the Canadian convictions, appellant urges that United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, is applicable. We think his reliance is misplaced. That case, which prohibits sentences based on prior convictions in which the right to counsel was violated, turns on Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, which established that such convictions have been unconstitutionally obtained. The key to *Tucker* is the Court's belief that a sentencing judge would be faced with a "dramatically different" situation if he knew that "[i]nstead of confronting a defendant who had been legally convicted of . . . previous felonies," he was "dealing with a man who . . . had been unconstitutionally imprisoned" for a period of time. 404 U.S. at 448, 92 S. Ct. at 592, 30 L.Ed.2d at 597.

*Gideon,* of course, is based on the United States Constitution, and cannot be imposed upon Canadian proceedings.[2] That being true, it cannot be said that the sentencing judge should view appellant as a man who has been heretofore illegally incarcerated, and *Tucker* is thus inapplicable.

As with the subsequent arrest, the previous Canadian convictions were properly considered in the court's exercise of discretion. While appellant was free to submit explanatory information, as he has done, it is not within the power of this court to review his sentence, even if it has not been lessened by his explanations. *See* United States v. Hartford, 5 Cir., 1973, 489 F.2d 652, 654 (distinguishing between an appellate court's review of sentence duration per se and its review of the judicial process by which that sentence is determined).

Affirmed.

---

2. Further, we cannot say that the rationale of *Gideon* is applicable to Canadian proceedings. As stated in *Tucker,* 404 U.S. at 447, 92 S.Ct. at 591, 30 L.Ed.2d 596, n. 5, that rationale is capsulized in the following quote from *Gideon*:

"[R]eason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured of a fair trial unless counsel is provided for him." 372 U.S. at 344, 83 S.Ct. at 796, 9 L.Ed.2d at 805.

*Gideon* turned on experience with and judgments about *"our* adversary system of criminal justice" (emphasis added). We decline to assume that such experience may be the basis for a judgment that a foreign system, utilizing procedures with which we are unfamiliar, has failed to provide a fair trial if it does not conform with our right-to-counsel concepts.