Thompson Gordon **HERRON**, Petitioner-Appellant,

v.

**UNITED STATES of America,** Respondent-Appellee.

No. 76–4208
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 22, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

William C. Erbecker, Indianapolis, Ind., for petitioner-appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

The district court denied the motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by Herron, a federal prisoner. We affirm.

Appellant represented by counsel, was sentenced on December 6, 1974, to a five year term of imprisonment and a $10,000 fine for the use of a fraudulently obtained credit card in violation of 18 U.S.C. § 2314. In his § 2255 motion, he contends that the maximum sentence was imposed because the court erroneously relied upon a prior conviction as a felony when actually it was a misdemeanor. Appellant relies upon *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1947), in which the Supreme Court held that an uncounselled defendant was denied due process of law where sentence was imposed upon the basis of assumptions concerning his criminal record which were materially untrue, and upon *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 92 (1972), which held that where a judge, in assessing sentence, gave explicit consideration to a prior conviction, which was subsequently determined to be invalid, the defendant was entitled to be resentenced without consideration of that invalid conviction.

Appellant's issue has been raised in two prior motions for reduction of sentence, Rule 35 F.R.Cr.P., before the sentencing court. Said motions led to a hearing with opportunity for oral argument. Relief was denied in both instances.

■ The record indicates that the district court did, in fact, make reference to a prior fraud conviction, but nowhere did the court define it as a "felony." Regardless of the definition of the offense, the operative facts of the charges and the elements of the offense may be considered by the district court during the imposition of sentence,

Rule 32(c), F.R.Cr.P. The prior conviction in question was a 1966 guilty plea entered upon South Carolina charges of uttering, drawing, and presenting a fraudulent check in the amount of $3,700. Consideration of such previous fraudulent conduct is germane to a determination of sentence for a violation of 18 U.S.C. § 2314.

The record fails to disclose that the sentencing judge gave explicit consideration to a felony/misdemeanor distinction. The district court's actions in denying a total of three motions raising this same issue indicate that no misconception was in the mind of the sentencing judge during the proceedings, or, alternatively, that despite such a misconception at the time of sentencing, the sentence is felt to be appropriate without defining the 1966 conviction as a "felony."

Resentencing is required wherever a sentence has been based "in part upon misinformation of a constitutional magnitude." *United States v. Tucker,* supra at 447. However, *Tucker* violations may constitute harmless error. *See Barnes v. Estelle,* 5 Cir. 1975, 518 F.2d 182; *Thomas v. Savage,* 5 Cir. 1975, 513 F.2d 536. Assuming *arguendo* that the sentencing judge incorrectly considered the 1966 conviction to be a felony, error, if any, is harmless in light of the facts presented in the record *i. e.* "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The severity of a sentence imposed within the statutory limits will not be reviewed. *United States v. Cavazos,* 5 Cir. 1976, 530 F.2d 4, 5. Review is limited to careful scrutiny of the judicial process by which the particular punishment was determined. *United States v. Hartford,* 5 Cir. 1974, 489 F.2d 652, 654. *See United States v. Espinoza,* 5 Cir. 1973, 481 F.2d 553. The appellant has failed to show any defect in the procedure by which he was sentenced.

AFFIRMED.