**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Andres MARTINEZ,
Defendant-Appellant.**

No. 78–5204.

Summary Calendar *

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1978.

Andres Martinez, pro se.

Raymond C. Caballero (Court appointed), El Paso, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, GEE and FAY, Circuit Judges.

PER CURIAM:

Appellant Martinez, represented by appointed counsel, pled guilty to possession of cocaine, one count of a three-count indictment charging narcotics violations, 21 U.S.C. § 841(1)(a). He was sentenced to eight years imprisonment and ten years special parole.

His sole complaint on this appeal is directed to the district court's statements at the time of sentencing that even though it was not dealing with the counts relating to nineteen ounces of heroin, it could not disregard the fact that the heroin was present in the house where Martinez was arrested. Martinez contends that the court erred in considering the heroin and that as a result the sentence was excessive, considering only a small amount of cocaine was involved.

In determining sentences, a judge is not restricted to the evidence given in open court by witnesses subject to cross-ex-

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

amination, but may "exercise a wide discretion in the sources and types of evidence" he considers in determining punishment. *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337, 1341 (1949); *United States v. Ashley,* 555 F.2d 462 (5th Cir. 1977). "At a sentencing, a Court can consider many matters that might not be admissible at a trial including evidence of crimes for which the defendant has been indicted but not convicted, and evidence of other crimes." *United States v. Bowdach,* 561 F.2d 1160, 1175 (5th Cir. 1977).

■ The district court did not err in taking notice of the factual basis of the dismissed counts in determining sentence. To hold otherwise would be to hold that the circumstance of the other counts' dismissal somehow sanitized the facts upon which they were based, so that the court could consider some but not all of the defendant's life situation in determining a proper individual sentence for him. To be sure, the court could not sentence Martinez on the dismissed counts, and clearly it did not do so. The sentence assessed was well below the fifteen-year maximum punishment provided by § 841(b)(1)(A) for the count to which Martinez pleaded guilty, and the district court therefore did not abuse its discretion in assessing sentence.

AFFIRMED.