**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John William CLEMENTS,
Defendant–Appellant.**

**No. 80–5298
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1981.

John William Clements, pro se.

Thomas R. Santurri, Asst. U.S. Atty., Pensacola, Fla., for plaintiff–appellee.

Before GODBOLD, REAVLEY and AN-DERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

In 1972, appellant was convicted of one count of conspiracy to import heroin, 21 U.S.C.A. § 952(a) and of one count of aiding and abetting in the importation of heroin, 21 U.S.C.A. § 952(a) and 18 U.S.C.A. § 2, and was sentenced to fifteen years on each count to be served consecutively.[1] His conviction was affirmed by this court in 1973. *See United States v. Clements*, 484 F.2d 928 (5th Cir. 1973), *cert. denied*, 415 U.S. 991, 94 S.Ct. 1591, 39 L.Ed.2d 888 (1974). In this proceeding, brought pursuant to 28 U.S.C.A. § 2255, he challenges the legality of his sentence on the ground that (1) he was sentenced more harshly for going to trial than a co–defendant who pleaded guilty; (2) he was not given an opportunity to examine the pre–sentence investigation report which allegedly contained false and misleading information upon which the sentencing judge relied; and (3) he was sentenced pursuant to a predetermined policy of the sentencing judge to give maximum sentences for drug offenses.[2] His section 2255 motion was denied by the district court without an evidentiary hearing. We affirm with respect to the first two grounds, but reverse and remand to the district court for a hearing on the third ground.

Ordinarily the district court should conduct an evidentiary hearing on petitioner's allegations, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255; *United States v. Guerra*, 588 F.2d 519 (5th Cir. 1979). With this standard in mind, we proceed to review the appellant's allegations.

First, appellant complains that he was sentenced harshly because he chose to exercise his right to a jury trial while a co–defendant who pleaded guilty received a lesser sentence. There is absolutely nothing in the record to support this allegation. The co–defendant, Trupkin, pleaded guilty to one count of aiding and abetting in exchange for the government dismissing the other charges. He too received a maximum sentence on the aiding and abetting count but the disparity in sentences is attributable to the fact the appellant was sentenced on two counts and Trupkin was sentenced on only one count.

Second, appellant complains that he was not afforded an opportunity to review the pre-·sentence investigation report prior to sentencing. Although the 1975 amendments to Fed.R.Crim.P. 32(c)(1) requires the sentencing judge to allow the defendant or his attorney an opportunity to review the report before sentencing, appellant was convicted and sentenced before the effective date of the amendments. We have held that the 1975 amendments to the Fed.R.Crim.P. 11 are not to be applied retroactively. *See Goodwin v. United States*, 544 F.2d 826 (5th Cir. 1977); *Summers v. United States*, 538 F.2d 1208 (5th Cir. 1976). Since the amendments to Rule 32 were contained in the same legislation as the amendments to Rule 11, we perceive no reason to

---

1. Appellant was also sentenced to a three–year special parole term on each count. In *Cates v. United States*, 626 F.2d 399 (5th Cir. 1980), this court overruled prior law in this circuit in light of *Bifulco v. United States*, — U.S. ——, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), and held that the imposition of a special term of parole was not authorized for a conviction of conspiracy to import controlled substances. The appellant

did not raise the propriety of the special parole term on appeal and we, therefore, leave it to him to raise it in a subsequent § 2255 motion if he desires.

2. A fourth ground, that the appellant was denied a transcript of the sentencing, has been rendered moot.

apply a different rule with respect to the amendments to Rule 32. At the time of appellant's conviction and sentencing, the prevailing rule was that the decision whether to disclose the report to the defendant or counsel was a matter entirely within the discretion of the sentencing judge, unless he explicitly relied on information in the report in assessing a sentence. *See United States v. Espinoza*, 481 F.2d 553 (5th Cir. 1973); *United States v. Battaglia*, 478 F.2d 854 (5th Cir. 1972). The appellant has the initial burden of demonstrating that the court relied upon misinformation. *See United States v. Horsley*, 519 F.2d 1264 (5th Cir. 1975), *cert. denied*, 424 U.S. 944, 96 S.Ct. 1413, 47 L.Ed.2d 350 (1976). We find no evidence that the sentencing judge abused his discretion in not disclosing the report to the appellant.[3] The transcript of the sentencing does not contain any explicit statement by the judge that he relied on any information in the report in assessing the sentence. Although the appellant alleges that the sentencing judge stated that appellant had an obvious propensity for drug trafficking, the alleged statement does not appear in the record or transcript. Since the record reveals no explicit reliance by the judge on the presentence report, we must conclude that the appellant failed to sustain his burden of showing reliance on misinformation. *See United States v. Horsley, supra.* The district court did not err in denying this ground for relief without an evidentiary hearing.

■ We turn now to appellant's challenge that he was sentenced pursuant to a predetermined policy of the sentencing judge to give maximum sentences for drug offenses. Ordinarily, this court will not review the severity of a sentence imposed within the statutory limits, but will carefully scrutinize the judicial process by which the punishment was imposed. *See Herron v. United States*, 551 F.2d 62 (5th Cir. 1977); *United States v. Cavazos*, 530 F.2d 4 (5th Cir. 1976). An allegation that the sentenc-

ing judge automatically imposes the maximum sentence for certain categories of offenses presents one instance where this court will review the mechanics of the sentencing process. *See United States v. Hartford*, 489 F.2d 652 (5th Cir. 1974).

■ The facts on which appellant bases his claim of a predetermined sentencing policy are as follows. Appellant himself received the maximum sentence, without any apparent consideration either of the fact that appellant was a first offender or of the fact that his role in the conspiracy was relatively minor. He also alleges that on the day he was sentenced the sentencing judge also imposed the maximum sentence for drug offenses upon at least four other defendants whose names he could remember. (R. 8) In addition, he points to our decision in *United States v. Hartford, supra*, where this court reviewed the maximum sentence imposed by this same district judge upon three additional convicted drug offenders, Hartford, Bowdoin and Newton. The defendants in *Hartford* were apparently sentenced on the same day as the appellant here. In sentencing one of the defendants in *Hartford*, the judge made remarks which this court found were evidence of a "rigid policy of imposing the maximum sentence" for narcotics violations. 489 F.2d at 655.

In *Hartford*, we vacated Hartford's sentence on the ground that the district judge had employed the Federal Youth Corrections Act (18 U.S.C.A. §§ 5005–5026) to impose a greater sentence than prescribed by the statute defining the offense. We found this practice to be contrary to the remedial purpose of the Youth Corrections Act. We vacated the sentence of the second defendant, Bowdoin, because the record revealed an abuse of judicial discretion because the judge pursued a rigid policy of imposing the maximum sentence for narcotics violations. The record was replete with statements by the trial judge that he would give Bowdoin the maximum

---

**3.** We note that the record does not reveal that appellant made a timely request to review the report. The failure to request inspection is an

additional ground for affirming the district court on this point. *See United States v. Warren*, 432 F.2d 772 (5th Cir. 1970).

sentence no matter what the mitigating circumstances. In contrast, the panel in *Hartford* did not disturb the maximum sentence imposed upon the third defendant, Newton, because the transcript of his sentencing hearing did not indicate any predisposition of the judge concerning the appropriate sentence, and because it affirmatively appeared from the record that the judge had examined Newton's presentence report, had considered a letter from Newton's minister and had permitted extensive testimony from the minister and Newton's father. These factors tended to dispel the possibility of a mechanical approach to sentencing.

The court below relied upon our decision in *Hartford* with respect to Newton in holding that there was insufficient evidence that the sentencing judge pursued a predetermined policy for sentencing drug offenders. The district judge read *Hartford* to require that there must be evidence of a predetermined policy in the sentencing transcript itself. We reject the district court's narrow reading of *Hartford*.

We acknowledge that the transcript of appellant's sentencing does not contain any indication of predisposition.[4] However, we do not believe that *Hartford* precludes the appellant from going beyond the four corners of the sentencing transcript to prove predisposition. In the case of Newton in the *Hartford* decision, not only did the transcript fail to disclose any statements by the judge indicative of predisposition, but it affirmatively appeared that the trial court considered mitigating circumstances before imposing the sentence. Here there is no indication that the judge considered any mitigating or aggravating circumstances. Furthermore, the appellant here has alleged at least seven instances, other than his own, in which the same sentencing judge imposed the maximum sentence for a drug offense. All seven sentences occurred on the same day, and, in at least one, the judge

made explicit remarks suggesting a rigid sentencing policy. By contrast, the *Hartford* panel, in considering Newton's sentence, was confronted with only two other instances. The fact that *Hartford* cited with approval *United States v. Baker*, 487 F.2d 360 (2d Cir. 1973), and *Woosley v. United States*, 478 F.2d 139 (8th Cir. 1978), is further evidence that the *Hartford* panel was not suggesting the mechanical approach that the sentencing transcript is the only competent evidence from which the forbidden policy can be shown. Both the Second Circuit and the Eighth Circuit looked to the record of the sentencing judge in other cases. We find persuasive the approach of the Second Circuit in *United States v. Schwarz*, 500 F.2d 1350 (2d Cir. 1974) (Moore, J., dissenting):[5]

> A judge is guilty of mechanical sentencing when he displays a 'fixed sentencing policy based on the category of crime rather than on the individualized record of the defendant.' *United States v. Baker*, 487 F.2d 360, 361 (2d Cir. 1973). Such an attitude can be demonstrated in one of two ways. First, it can be proven out of the mouth of the sentencing judge, *i.e.*, he can state, at sentencing, that he 'routinely' or 'habitually' metes out a certain sentence for a given crime. For instance, in *Woosley v. United States*, 478 F.2d 139 (8th Cir. 1973), the sentencing judge, before imposing the maximum sentence on a defendant who pleaded guilty to a violation of the Selective Service Act, declared that it had been his practice for over thirty years to impose the maximum sentence in selective service cases. 478 F.2d at 144. Second, a mechanical attitude toward sentencing can be *prima facie* established by the sentencing court's prior record in similar cases. In the *Woosley* case, *supra*, the Court of Appeals for the Eighth Circuit examined the district court records and found an unwar-

---

4. The transcript is only two and one-half pages in length and consists only of the appellant and counsel declining to make a statement and the judge imposing the maximum sentence on both counts.

5. Judge Moore did not find any evidence that the sentencing judge followed a mechanical approach to sentencing and dissented from the majority's opinion finding such an approach and vacating the sentence.

ranted consistency in the sentencing judge's past treatment of selective service offenders. Similarly, in *United States v. Baker, supra,* this court examined the records of the district court in an attempt to uncover a mechanical attitude toward sentencing on the part of the district judge. 487 F.2d at 361 n.1.

500 F.2d at 1354. *See also United States v. Foss,* 501 F.2d 522, 529 (1st Cir. 1974) (court considered sentencing judge's record in other cases, but concluded that it was insufficient to prove "a policy of any particular type.").

Recalling the posture of this case, that appellant's § 2255 motion has been denied without a hearing, and recalling the standard that an evidentiary hearing is required unless the record shows conclusively that petitioner is entitled to no relief, we conclude that appellant has made a showing sufficient to entitle him to an evidentiary hearing on the issue raised by the alleged predetermined sentencing policy. Accordingly, we reverse and remand for a hearing on this issue.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.