### UNITED STATES of America, Plaintiff-Appellee,

v.

### Barry SMALL, Defendant-Appellant.

No. 80–5187
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 6, 1981.

Terrence L. Labelle, Fort Lauderdale, Fla., for defendant, appellant.

Bruce A. Zimet, Asst. U. S. Atty., Miami, Fla., for plaintiff, appellee.

---

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

THOMAS A. CLARK, Circuit Judge:

Appellant, Barry Small, plead guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and was sentenced to ten years in prison. On appeal Small contends that the sentencing judge violated appellant's due process rights when he considered the fact that appellant had been arrested on an independent charge of conspiracy to import marijuana in determining the length of appellant's sentence. We disagree and find, accordingly, that the trial judge was within his discretion in sentencing appellant.

Defendant was arrested on September 4, 1979, and originally charged with three counts in violation of 21 U.S.C. §§ 841(a)(1) and 846, including conspiracy to distribute cocaine and possession with intent to distribute cocaine. Shortly thereafter, on October 3, 1979, the defendant was arraigned before a federal magistrate, and trial was set for January 22, 1980. Shortly before trial, however, defendant voluntarily entered a plea of guilty to Count One, conspiracy to distribute cocaine.

During the February 27, 1980, sentencing hearing several individuals testified on behalf of the appellant, including friends, relatives, and business associates, describing appellant as a dedicated husband and father and a hard worker with sound business sense. The defendant further informed the court that he intended to form a partnership with a friend in the Bahamas in order to expand his fishing business. Small testified that the partnership would provide defendant with a steady source of income and would remove him from the potentially "corrupting" influences of his present circle of business associates. The pre-sentence report, containing substantially similar information, recommended a moderate prison sentence of six years.

However, on February 26, 1980, one day prior to sentencing, defendant was arrested on an independent charge relating to the importation of marijuana. This arrest was brought to the sentencing judge's attention by means of a memorandum submitted by the United States probation officer which stated:

> The probation office has just learned that Mr. Small was arrested on February 26, 1980, by an agent of the Drug Enforcement Agency and charged with conspiracy to import marijuana.... Agent Schuller of the Drug Enforcement Agency was also the arresting official in this case, and feels that the court should be aware of all pending criminal cases before rendering its sentence.

On the basis of this memorandum and arrest, the trial judge rejected the original pre-sentence recommendation and imposed instead a ten-year prison sentence.

We are now faced with determining whether the trial judge abused his discretion in sentencing defendant Small to ten years' imprisonment, a term admittedly within the statutorily permissible limits under 21 U.S.C. § 846. We note at the outset that in order to prevail appellant must establish that the trial judge's action amounted to an arbitrary or capricious abuse of discretion. As this Circuit stated in *United States v. Hayes*, 589 F.2d 811, 826–827 (5th Cir. 1979), *cert. denied*, 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979):

> [I]t is well settled that a Federal District Judge has wide discretion in determining what sentence to impose and such sentence will not be questioned so long as the sentence is within the statutory limits and there is no showing of arbitrary or capricious action amounting to a gross abuse of discretion."

In support of his position, appellant argues that a defendant must be given an adequate opportunity to rebut erroneous factual assumptions upon which a trial judge relies in imposing sentence. Appellant argues, therefore, that despite the trial judge's broad sentencing discretion, defendant retained the right not to be sentenced on the basis of possibly erroneous assumptions inferred from the recent marijuana arrest.

The cases upon which appellant's argument rests, however, are factually distinguishable. In *Aguero-Segovia*,[1] for example, the defendants were convicted of transporting an illegal alien. During sentencing proceedings the court relied upon a "recollection that these men may have been involved [in illegal activity] before" in order to justify the sentence, and the defendants appealed. The Fifth Circuit found that a reduction was justified because "the sentencing judge . . . did not afford appellants or appellants' counsel the opportunity to rebut the allegedly incorrect information." (*Id.* at 132).

In sharp contrast to *Aguero-Segovia*, the record below reveals that the trial judge gave defendant ample opportunity to rebut the allegedly erroneous information. Having alerted the defendant to the court's knowledge of the recent arrest, the trial judge stated:

> Well, let me make it very clear to you that what you say, at least to this court has an awful lot of bearing with me. . . . I will listen to you. I will listen to anything that you have to say . . . The better I understand you the more likely it is for me to give us a sentence in conjunction with the crime that is committed.

Later on in the proceedings, when the defendant took the stand to explain the circumstances surrounding his conviction for conspiracy to distribute cocaine, the trial judge informed defense counsel that he was greatly influenced, and disturbed, by the recent marijuana arrest. The court then asked counsel whether he wished to postpone sentencing until the arrest had come to some definite disposition:

> Do you think I should set the sentencing aside until such time—not set it aside—but postpone it if you will? Or continue it over, until the end results of that case? DEFENSE COUNSEL: I think if Your Honor is going to take it into consideration I would ask you if you wish to sentence Mr. Small today, I would ask that

you do not consider the fact that he was arrested yesterday.

In response to counsel's request, the court explained that it would be unable to completely "erase from its mind" the damaging information, and therefore that the defendant's counsel should be mindful of protecting defendant's right to seek a reduction of the sentence, should the marijuana charge be later resolved in favor of the defendant. The court stated:

> I am not going to be able to erase that from my mind and I want you to know in fact that it is something I have considered . . . . Now, I decided that since the defendant has to be told in the event I am to sentence him to jail or confinement, the more sophisticated term, that he has 120 days to apply for reduction of the sentence. You will be mindful of that opportunity that he has won't you?

In light of the trial judge's repeated efforts to safeguard appellant's due process rights throughout the sentencing procedures, we cannot find that this case falls within the scope of *Aguero-Segovia*.

Appellant further contends that *U. S. v. Espinoza*[2] justifies his position. We do not, however, read *Espinoza* as controlling the present case. In *Espinoza* the trial judge relied upon erroneous factual information in assessing sentence and further refused the defendant any opportunity to rebut that information. Defendant below, on the other hand, admits that the arrest took place as reported in the probation officer's memorandum and was clearly given repeated opportunities to rebut the damaging information.

Having reviewed the record, we find appellant's claim to be without merit.

AFFIRMED.

1. *United States v. Aguero-Segovia*, 622 F.2d 131 (5th Cir. 1980).

2. 481 F.2d 553 (5th Cir. 1973).