UNITED STATES of America,
Plaintiff-Appellee,

v.

Peter Albert CIMINO,
Defendant-Appellant.

No. 80–2319
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 15, 1981.

Rehearing Denied Nov. 13, 1981.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

William A. Bratton, III, Dallas, Tex. (Court-appointed), for defendant-appellant.

Rebecca Gregory, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

GARZA, Circuit Judge:

Appellant, Peter Cimino, despite his limited involvement in a counterfeit scheme, plead guilty and received a sentence of five years; his co-defendants received probated sentences. Cimino attributes the court's imposition of the sentence to reliance on factual inaccuracies in a presentence report prepared by the U.S. Probation Department. On appeal, Cimino contends that the sentencing judge violated appellant's due process rights by considering the alleged inaccuracies. We disagree; the record fails to support Cimino's allegations. Accordingly, we find that no error was committed below.

Defendant was indicted in four counts of a twenty-one count indictment returned by the Grand Jury for the Northern District of Texas. Twenty substantive counts charged various defendants individually with having purchased, received, uttered, sold and delivered $100 Federal Reserve Notes, in violation of 18 U.S.C. §§ 472 and 473. Appellant was charged in each of two counts with having passed a $100 bill with intent to defraud. 18 U.S.C. § 472. An additional count charged that he had sold and delivered approximately $24,700 in counterfeit bills. 18 U.S.C. § 472. On June 26, 1980, Cimino entered a plea of guilty to a conspiracy count pursuant to a plea agreement which provided for dismissal of the substantive charges against him. He was sentenced to five years' imprisonment, to be served consecutively to a federal sentence imposed in the Western District of Texas for conspiracy to possess and possession of marijuana with intent to distribute.[1]

At the sentencing hearing, the only evidence presented to the court for its consideration prior to assessing punishment was Cimino's testimony and a presentence memorandum prepared by the United States Probation Department. Appellant contends that the presentence report contained factual inaccuracies and, as a consequence, he was denied due process of law at sentencing. The alleged inaccuracies are: (1) an

---

1. This court affirmed appellant's marijuana convictions in a per curiam decision. *United* *States v. Cimino*, 631 F.2d 57 (5th Cir. 1980).

indication that he was arrested on August 28, 1980 and later indicted for two felony charges, for delivery of cocaine and burglary;[2] (2) a statement that he had denied his involvement in the crime for which he was being sentenced, but that he had not submitted a written statement; (3) a statement that he had denied wrongdoing in the offense for which he was being sentenced as he had when convicted of an offense in 1979, and that he would do anything to free himself from liability; (4) a statement that he was believed to be a drug addict; and (5) a statement that his arrests and his continued unemployment, along with his ability to always make bond and hire attorneys, indicated that Cimino had a persistent problem. Based on these inaccuracies, the trial judge supposedly penalized defendant by imposing a harsher sentence than that imposed upon his co-defendants.

■ To prevail on a challenge to a sentence within the statutorily permissible limits, an appellant must demonstrate that the trial judge's action amounted to an arbitrary or capricious abuse of discretion.[3] While not reviewing the severity of a sentence, this court will, however, carefully scrutinize the judicial process by which punishment was imposed.[4] To prevail on a claim that a sentence was based on materially inaccurate information, an appellant must demonstrate that a court *relied* on that information.[5] The mere allegation of inappropriate or incorrect information in the presentence report does not establish the predicate for a claimed violation of due process rights at sentencing.

■ Cimino's assertions that the inaccuracies in the presentence memorandum were relied upon by the trial court are conclusionary and against the weight of the evidence. The only objection which warrants discussion is whether or not the court relied upon the misinformation regarding appellant's criminal record. A careful reading of the transcript reveals, however, that it was not. Prior to sentencing, the court was informed of the inaccuracy of Cimino's prior criminal history.[6] The court acknowl-

2. The presentence memorandum indicated that, on August 23, 1980, defendant was arrested on two first degree state felony charges of burglary of a habitation and delivery of cocaine and one third degree state felony charge of delivery of a controlled substance. Further, the memorandum indicated that each of these charges were filed and were pending against the defendant as of November 14, 1980. Defendant objected on the basis that the two first degree felony charges were never filed and were not pending at the time of sentencing.

3. *E. g., United States v. Small*, 636 F.2d 126, 127 (5th Cir. 1981); *United States v. Hayes*, 589 F.2d 811, 826–27 (5th Cir. 1979), *cert. denied*, 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979); *United States v. Rosen*, 582 F.2d 1032, 1038 (5th Cir. 1978); *United States v. Gray*, 565 F.2d 881, 893 (5th Cir. 1978); *Herron v. United States*, 551 F.2d 62, 64 (5th Cir. 1977); and *United States v. Trevino*, 490 F.2d 95, 95–96 (5th Cir. 1973).

4. *United States v. Clements*, 634 F.2d 183, 186 (5th Cir. 1981); *Herron v. United States*, 551 F.2d 62, 64 (5th Cir. 1977); and *United States v. Cavazos*, 530 F.2d 4, 5 (5th Cir. 1976).

5. *See, e. g., United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *United States v. Clements*, 634 F.2d 183, 186 (5th Cir. 1981); *United States v. Aguero-Segoria*, 622 F.2d 131 (5th Cir. 1980); *United States v. Barnett*, 587 F.2d 252, 259–60 (5th Cir. 1978), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979); *United States v. McDuffie*, 542 F.2d 236, 242 (5th Cir. 1976); *United States v. Horsley*, 519 F.2d 1264, 1266 (5th Cir. 1975), *cert. denied*, 424 U.S. 944, 96 S.Ct. 1413, 47 L.Ed.2d 350 (1976); and *United States v. Espinoza*, 481 F.2d 553, 556 (5th Cir. 1973).

6. MR. BRATTON: I would like to bring to the court's attention that initially it should be stated that Mr. Renya didn't have an opportunity to personally interview Mr. Cimino for an extended length of time. He spoke with him briefly after the guilty plea, but the pre-sentence report was prepared in large part without Mr. Cimino. Therefore there is a couple of things that I wanted to correct.

The pending charges against Mr. Cimino are incorrect in the pre-sentence report. At the present time the only remaining pending charges against Mr. Cimino are an indictment in the state court here in Dallas County for a delivery of marijuana, indictment for possession of marijuana in Dallas County, no burglary charges. There are no delivery of cocaine charges. Those were never filed and they never existed other than an initial arrest. The only charges now pending are two third degree felonies in state court.

THE COURT: Okay. I understood that. I was advised of that correction.

edged the inaccuracy and gave no indication that it would be given any consideration in the sentencing process. Later on, the court did seem to indicate that it was taking into account the fact that appellant had been arrested after the counterfeiting charges had been filed.[7] However, only when it is shown that the trial judge relied on information which was in fact not true is error committed during sentencing procedure. *United States v. Weiner*, 418 F.2d 849, 851 (5th Cir. 1969). Cimino had subsequently been arrested for cocaine and burglary offenses. The fact that the charges were dismissed does not preclude their consideration during sentencing. *Houle v. United States*, 493 F.2d 915 (5th Cir. 1974). It has long been held that before determining what sentence to impose, a trial judge in the federal judicial system may appropriately conduct an inquiry broad in scope and largely unlimited either as to the kind of information he may consider or the source from which it may come.[8] It therefore follows that no error was committed below.

■ With respect to the other inaccuracies enumerated, appellant has failed to offer a scintilla of evidence to demonstrate that any of them were relied upon. The trial judge was clear; he was concerned with Cimino's arrest record including the two arrests after the arrest for the counterfeiting charge. In the absence of proof of reliance, there can be no error.

Having reviewed the record, we find appellant's claim to be without merit.

AFFIRMED.

---

7. THE COURT: Well, your involvement was minimal in the crime, but obviously I am concerned with your past record and obviously I am concerned with the fact that after you were arrested and charges were filed against you in this case you were arrested at least twice more, maybe three times with additional charges one of which I understand has been dismissed.

MR. CIMINO: Two prior arrests.

THE COURT: But you have two other felony charges that are pending against you that occurred after you passed the two one hundred dollar counterfeit notes in this case after your arrest and after charges. Would you care to comment on that?

MR. CIMINO: No, I wouldn't, Your Honor.

THE COURT: You're serving a sentence now in the federal court.

MR. BRATTON: He was surrendered to the western district. Although he had an appeal bond up and was on appeal bond due to the circumstances he's now surrendered to that. He's under a four year and three year sentence and the two counts to run concurrently in the western district, however those are on appeal and there has been no final decision yet.

THE COURT: Okay. Anything further, Mr. Bratton?

MR. BRATTON: No, Your Honor.

THE COURT: Mr. Cimino.

MR. CIMINO: No.

THE COURT: Thank you.

Mr. Cimino, although your connection with this counterfeiting offense was minimal, you stand in quite different stead than the other defendants who have appeared before me, you do have a substantial prior record, you were involved in this when you were on probation, I believe that's correct.

MR. CIMINO: No.

THE COURT: After you committed the offense then you were immediately involved in two other felonies. But for your record I would have treated you similar to the other defendants that have been given probation but because of your record I will sentence you on count one of this indictment to the maximum term of imprisonment which is five years. And in addition this sentence will be imposed to run consecutively to the sentence which you are already serving in the federal case in the western district in cause number P–79′–CR–23.

Note that this court affirmed appellant's convictions for those offenses which were on appeal on November 19, 1980—five days after he was sentenced in the present case. *United States v. Cimino*, 631 F.2d 57 (5th Cir. 1980).

8. *See, e. g., United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Gregg v. United States*, 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969), *reh. denied*, 395 U.S. 917, 89 S.Ct. 1738, 23 L.Ed.2d 232 (1969); *United States v. Martinez*, 584 F.2d 749 (5th Cir. 1978); *Houle v. United States*, 493 F.2d 915 (5th Cir. 1974); and *United States v. Marcello*, 423 F.2d 993 (5th Cir. 1970), *cert. denied*, 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543 (1970), *reh. denied*, 399 U.S. 938, 90 S.Ct. 2240, 26 L.Ed.2d 809 (1970).