UNITED STATES of America,
Plaintiff-Appellee,

v.

Reynaldo GARCIA, Defendant-Appellant.

No. 82–2237
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 26, 1982.

Rehearing Denied Dec. 22, 1982.

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

John M. Potter, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge.

## I. INTRODUCTION

Appellant Reynaldo Garcia was indicted on five counts of conspiring to distribute and distributing a total of 119.1 grams of heroin between February 17, 1981, and March 23, 1981, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. On February 1, 1982, Garcia's plea of guilty to one count of distributing .4 grams of heroin was accepted, and on motion of the government the other four counts were dismissed. The district judge sentenced Garcia to a term of ten years with a special parole term of five years and refused Garcia's request for voluntary surrender. Garcia filed a timely motion for reduction in sentence under Fed.R.Crim.P. 35, and a hearing was held on April 23, 1982. After hearing the

evidence and "[considering] the nature of the offense and Defendant's involvement as shown by the testimony of the witnesses at the hearing," the trial judge reduced Garcia's sentence to eight years. Garcia appeals from that order and requests this court to vacate the sentence and remand the case to a different presiding judge. Because we find that the sentence is within the statutory limits and that there is no showing that the sentence was imposed in an arbitrary or capricious manner, we affirm the district court's order.

## II. FACTS

After pleading guilty to one count of distributing .4 grams of heroin, Reynaldo Garcia was given a hearing prior to sentencing. At that time the judge asked Garcia if there was anything he would like to say, and he answered that he had read the presentence investigation (PSI) report and disagreed with it because "I am not that kind of person." Garcia's counsel stated that Garcia did not have a criminal record, that he was only the middle-man in the transaction, and that the codefendant Efrain Lopez-Garcia who actually supplied the heroin had received a probated sentence the day before. Although the presentence report noted that his name had "come up in a number of transactions," Garcia stated that he had never been involved in any heroin transactions aside from the one to which he had pleaded guilty.

The court, stating that "I won't take into consideration these matters that you have taken issue with," then sentenced Garcia to the Attorney General's custody for ten years with a special parole term of five years. At that time Garcia's counsel told the judge that he thought that the court had been influenced by the PSI report which "we submit is false." The court responded that the nature of the crime (selling heroin) and the damage resulting from the offense were such that he was not very sympathetic and he did not consider such an offense a probation case except under the most extenuating circumstances "which I don't find here." As for the probated sentence of Garcia's codefendant, the judge stated that he did not know the facts and circumstances of the other case and that he could not base his own sentencing on what other defendants or other judges did. He then invited Garcia to file a motion to reduce at which time he would "look at it again."

Garcia's counsel accepted the judge's invitation, filed a motion to reduce Garcia's sentence, and a hearing was held on that motion on April 23, 1982.

At the hearing, the district judge stated that he was particularly concerned with statements in the PSI report which indicated 1) that Garcia had made statements to the agent in the purchase which demonstrated his expertise and the subtleties of the heroin trade; and 2) that Garcia's name "had frequently come up in independent and isolated ... drug transactions." At the outset the judge candidly explained that the aforementioned factors had probably affected him in assessing the ten-year sentence, and that he wanted to discover the source of the "conclusional remarks."

The government offered the testimony of a Drug Enforcement Administration (DEA) official which indicated that investigation of Garcia had begun as early as 1967. From 1967 through 1974 Garcia had been considered a major source of heroin for the Corpus Christi area. From 1975 until his arrest, at least nine different "sources" had contributed reports on Garcia's drug-related activities. Garcia had twice been indicted on the basis of witness reports, but the government had dismissed the cases because the witnesses "decided they no longer wished to testify." Subsequent to Garcia's arrest, moreover, several individuals apprehended in drug raids in Laredo and Corpus Christi had named Reynaldo Garcia as the source of their drugs.

A DEA special agent, Robert Benson, had made several "buys" from Garcia over the course of several months. Benson reported in the PSI report that Garcia had made quite a few remarks about how the heroin ought to be cut. Garcia admitted that he was "trying to show off" about how much

he knew about heroin preparation. Although admitting the accuracy of Benson's report, Garcia denied ever having cut heroin.

The court was impressed by the fact that "this man's [Garcia's] name over a period of time was continually brought up in connection with heroin transactions." The court carefully pointed out, however, that Garcia was not being punished on the basis of his "past history" as it contrasts with his clean record of conviction:

> The court: He is not receiving [this sentence] because of his past history. I haven't intended to leave that inference at all.

> The only thing that I brought out, and I thought it was significant, was that this man had been dealing in the past in heroin, and I gathered that from his own admissions that he made to the agent. Apparently the agent didn't consider it an idle comment, and apparently it made sense. What this man said made sense to the agent as to how you go about cutting the heroin and what you cut it with. So all of these things together led me to the inevitable conclusion that this man was experienced in the heroin business and the heroin trade and that this was not an isolated transaction, just based on everything I have heard, and I don't accept his explanation . . . .

The court further noted that he would hold the case under advisement so that he could look at everything again to be sure that he had not overlooked something or that he had not been unduly harsh with Garcia. The court permitted Garcia to make a voluntary surrender, granted Garcia's motion to reduce, and reduced the sentence to eight years.

## III. ISSUES

On appeal Garcia contends 1) that in sentencing, the district court relied on inaccurate and challenged information contained in the PSI report; and 2) that he was denied equal protection of the law because he received a harsher sentence than his codefendant.

■ For Garcia to prevail on this challenge to his sentence, which is concededly within the statutorily permissible limits, he must show that the trial judge's action amounted to an arbitrary or capricious abuse of discretion. *United States v. Cimino,* 659 F.2d 535, 537 (5th Cir.1981); *United States v. Small,* 636 F.2d 126, 127 (5th Cir. 1981).

■ In regard to his specific charge that the trial judge relied on inaccurate and challenged information in his PSI report in imposing sentencing, Garcia must show that the information was materially inaccurate and that the judge *relied* on that information. Merely alleging that the PSI report contained inaccurate or inappropriate information does not sufficiently call into question a violation of due process in sentencing. *Cimino,* 659 F.2d at 537.

■ Garcia relies on *Shelton v. United States,* 497 F.2d 156 (5th Cir.1974), and *United States v. Espinoza,* 481 F.2d 553 (5th Cir.1973), for the proposition that "[m]isinformation regarding facts relevant to sentencing renders the sentencing process invalid." Garcia misstates the holding in both cases. Rather they stand for the proposition that where a judge "*explicitly relies* on certain information in assessing a sentence," the defendant must be given some opportunity to rebut that information. *Shelton,* 497 F.2d at 159; *Espinoza,* 481 F.2d at 556.

■ Here, Garcia was given an opportunity both at sentencing and at his sentence reduction hearing to rebut the information. Prior to sentencing, the judge explicitly stated that he would not consider the matters which Garcia contested, and at the hearing on his motion to reduce, after listening to Garcia's rebuttal and the testimony of other witnesses, the judge stated that he simply did not accept Garcia's explanations. Garcia's reliance on *Shelton* and *Espinoza* is therefore misplaced.

We next look to see if the data in the PSI report[1] was materially inaccurate and if so, if the sentencing judge explicitly relied on the inaccuracies.

Garcia contends that his PSI report was faulty in that it gave the misimpression that he had a criminal record and that he was heavily involved in the heroin trade, charges which he disputes. The following information relating to the PSI is apparently the source of Garcia's concern: 1) he was not the source or actual distributor of the controlled substance; he was rather the contact, go-between man; 2) there were hearsay reports from DEA informants and other DEA personnel indicating that he had been involved in twenty prior illegal drug transactions; 3) he was previously charged with conspiracy, but the government dismissed the case; 4) when he was a young man, he was charged with murder, but he was "no billed" by the grand jury; 5) he was indicted on several occasions for illegal drug transactions, but the government dismissed the cases because the witnesses refused to testify; 6) the PSI minimized his medical problems.

A presentence investigation report contains "any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior ... and such other information as may be required by the court." Fed.R.Crim.P. 32(c)(2).

█ A federal district judge has wide discretion in the kind and source of information he considers in imposing sentence. *United States v. Ochoa,* 659 F.2d 547, 549 (5th Cir.1981), *cert. denied,* 455 U.S. 959, 102 S.Ct. 1472, 71 L.Ed.2d 678 (1982). The judge is allowed to go beyond the record to consider a defendant's past conduct and activities, including evidence of crimes for which the defendant has been indicted but not convicted. *Ochoa,* 659 F.2d at 549;

*United States v. Cimino,* 659 F.2d 535, 538 (5th Cir.1981); *United States v. Benton,* 637 F.2d 1052, 1060 (5th Cir.1981).

█ The scope of the judge's inquiry prior to sentencing may include the factual basis of the dismissed counts, *United States v. Martinez,* 584 F.2d 749, 750 (5th Cir.1978), as well as hearsay reports implicating the defendant in other crimes if such reports are deemed sufficiently reliable. *United States v. Benton,* 637 F.2d 1052, 1060 (5th Cir.1981).

█ Here, the judge, in response to Garcia's complaints about the PSI, specifically stated that he understood that Garcia had not been *convicted* of any other crimes. He allowed Garcia ample opportunity both at sentencing and during the hearing on the motion to reduce to rebut every facet of the PSI, especially the prior indictments and inferences that Garcia had been involved in prior criminal activity. He further requested and received testimony from a DEA agent in regard to the hearsay reports in the PSI which noted that Garcia's name frequently came up in connection with illegal drug transactions.

After hearing all of the testimony, the judge stated that the defendant was not receiving the sentence because of his history. Unpersuaded by Garcia's flat denials, the court relied on Garcia's prior admissions to establish that the charge to which he had pleaded guilty was not an isolated transaction and that the nuances of preparing drugs for sale were well within Garcia's ken. The judge then reduced Garcia's sentence from ten years to eight years. The sentence is within the statutory maximum.[2]

Although in determining sentence a judge may not rely on information which is materially untrue, *United States v. Brice,* 565 F.2d 336, 337 (5th Cir.1977), the defendant has the burden of showing that the judge has relied on misinformation. *United States v. Clements,* 634 F.2d 183, 186 (5th

---

1. The PSI report is not before this court. We therefore must glean its contents from the testimony of Garcia and his counsel at the hearings, the briefs of the two parties, and the comments of the trial judge.

2. Under 21 U.S.C. § 841(b)(1)(A), the maximum sentence for distributing heroin is fifteen years' imprisonment, a fine of $25,000 and a special parole term of at least three years in addition to imprisonment.

Cir.1981). The trial judge found that Garcia had not carried this burden, a finding fully supported by the record.

Garcia next contends that he was denied equal protection of the law because he received a harsher sentence than did his codefendant. The codefendant, Efrain Lopez-Garcia, pleaded guilty and received a probated sentence. Garcia thus contends that the disparity between his sentence and that of Efrain's amounts to a denial of equal protection.

A district judge enjoys broad discretion in imposing sentence; the sentence of a codefendant need not be considered. *United States v. Johnson,* 679 F.2d 54, 58 (5th Cir. 1982); *United States v. Mann,* 615 F.2d 668, 672 (5th Cir.1980), *cert. denied,* 450 U.S. 994, 101 S.Ct. 1694, 68 L.Ed.2d 193 (1981). As we have stated before: "[a] defendant cannot rely upon the sentences which other defendants receive as any yard stick for his sentence." *United States v. Atkins,* 618 F.2d 366, 373–74 (5th Cir.1980) (citations omitted). Garcia's second contention is thus without merit.

Since Garcia's sentence is within statutory limits, and since there is no showing of arbitrary or capricious abuse of discretion in the sentencing process, the district court's order is

AFFIRMED.