COMMONWEALTH vs. THOMAS A. GUERRO.

Worcester. October 7, 1982. — December 6, 1982.

Present: HALE, C.J., ROSE, & GRANT, JJ.

*Practice, Criminal,* New trial, Sentence, Appeal.

On an appeal by a criminal defendant from the denial of his second motion for a new trial, this court chose to consider an issue raised by the denial of the defendant's first motion for a new trial some nine years earlier, and determined that there was no error in a finding by the judge hearing the first motion that no wiretap had been in effect at the time alleged by the defendant. [744-745]

Treating a defendant's motion for a new trial as a motion to vacate an illegal sentence pursuant to Mass. R. Crim. P. 30 (a), this court determined that there was nothing in the record before it to support the defendant's assertion that in imposing sentence the trial judge relied on information concerning alleged threats to witnesses by the defendant or on a probation record which contained inaccuracies and referred to uncounseled convictions. [745-747]

INDICTMENTS found and returned in the Superior Court on May 16, 1967.

A motion for a new trial filed on October 24, 1979, and supplemented and amended thereafter, was heard by *O'Neil, J.*

*Donald D. Deren* for the defendant.

*Joseph C. McGinn,* Assistant District Attorney, for the Commonwealth.

HALE, C.J. The defendant was convicted on six indictments charging operating a motor vehicle without authority after suspension of right, illegal possession of motor vehicle master keys, accessory before the fact to larceny, receiving stolen motor vehicles, conspiracy to steal a motor vehicle, and conspiracy to receive a stolen motor vehicle. The convictions were affirmed on appeal. *Commonwealth* v. *Guerro,*

357 Mass. 741 (1970). Shortly after the rescript issued the defendant filed a motion for a new trial on two grounds. One ground was waived. The remaining ground concerned a claim that a wiretap had been placed on the defendant's residential telephone at 17 Bowdoin Street, Worcester. At the hearing on the motion, the defendant claimed that the wiretap had been in place on February 19 and 20, 1967, well after the August 30, 1966, expiration date of a wiretap which had been authorized by the Superior Court. The trial judge found that no such wiretap had been in existence on February 19 or 20, 1967, and denied the motion. A notice of appeal from that denial was filed, but, through no fault of the defendant, no further action was taken to perfect the appeal. Nine years later, the defendant again moved for a new trial. That motion, as twice supplemented and once amended, was heard by a second judge, the first having died. The second judge denied that motion on January 26, 1982, and the defendant appealed. We affirm.

Before examining the issues raised by the defendant's second motion, we examine the issue raised by the defendant's first motion for a new trial. Although the appeal from the denial of the first motion was not perfected, the briefs and the record before us are sufficient to allow us to decide it and, in the circumstances, we choose to do so in the hope of putting an end to the post-conviction proceedings in this case.[1] The defendant contends that the wiretap allegedly in existence on his phone on February 19 and 20, 1967, resulted in the prosecution's obtaining information favorable to the defense which, in violation of his constitutional rights, was not provided to him. The short answer to that contention is that the trial judge found that no such wiretap was in existence at the time alleged. While the record before us is not complete, it is sufficient to determine that there was no error in the trial judge's finding.

---

[1] We are not to be understood as condoning such a procedure or setting any precedent for the future.

We turn now to the four issues raised by the defendant in his appeal from the denial of his second motion for a new trial. In his first two assignments of error, the defendant claims the second judge erred in declining to review the wiretap matter and in failing to grant relief after determining that the defendant had been deprived of his right to appeal from the denial of his first motion. As we have afforded the defendant appellate review of the issues raised by the first motion for a new trial, both of these contentions are moot.

In his third assignment of error, the defendant asserts that the second judge applied an inappropriate standard in determining that an alleged constitutional violation in the sentencing procedure was not prejudicial.

The motion for a new trial was not an appropriate vehicle by which to attack the sentence claimed to have been unlawfully imposed. As the motion was filed on October 24, 1979, the attack should have been made by a motion to revise or revoke under Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979). If we were to consider the defendant's motion for a new trial as one to revise or revoke, the sixty-day limitation of that rule would apply, and the motion would have to be dismissed. *Commonwealth* v. *Layne,* 386 Mass. 291, 295 (1982). However, again in the hope of ending further postconviction proceedings in this case, we treat the motion as one under Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979), which has no time limit, and assume that the second judge acted under rule 30(c)(2) and permitted the issues to be raised. See *Commonwealth* v. *Layne, supra,* at 294-298, for a relevant discussion of rules 29 and 30.

The defendant first claims that during trial, the court, ex parte, received information concerning alleged threats to witnesses by the defendant and relied on that information in sentencing. Our review of the record demonstrates, as the second judge found, that the trial judge's use of the information was confined to the question whether a particular juror should be relieved from sitting. There was no error. There is nothing in the record before us which would permit an

inference that the information was considered in the sentencing process.

The defendant also argues that the trial judge, in sentencing, relied on a probation record which contained inaccuracies and uncounseled convictions. The United States Supreme Court held in *United States* v. *Tucker*, 404 U.S. 443 (1972), that prior convictions obtained in violation of an accused's Sixth Amendment right to counsel under the principles enunciated in *Gideon* v. *Wainwright*, 372 U.S. 335 (1963), may not be relied upon in a subsequent sentencing to enhance punishment.

However, the facts in *Tucker* are unlike those in the present case. In *Tucker* the trial judge had specifically relied upon convictions obtained in violation of *Gideon* in sentencing. Here, we have nothing but the unsupported assertions of the defendant that the trial judge relied upon the allegedly unconstitutional convictions in his sentencing decision. "To the extent that the . . . motion was based on facts which were neither agreed upon nor apparent on the face of the record, [the defendant] had the burden of proving such facts." *Commonwealth* v. *Brown*, 378 Mass. 165, 171 (1979), quoting from *Commonwealth* v. *Bernier*, 359 Mass. 13, 15-16 (1971). *Commonwealth* v. *Kines, post* 1007, 1008 (1982). While it was stipulated that the defendant's probation record was before the trial judge at the time of sentencing, it is not agreed that the severity of the sentence was increased on the basis of the allegedly unconstitutional convictions. To prevail on a claim that a sentence was based on inaccurate or unreliable information, the defendant must demonstrate that the court *relied* on that information. *United States* v. *Cimino*, 659 F.2d 535, 537-538 (5th Cir. 1981). *Brown* v. *United States*, 610 F. 2d 672 (9th Cir. 1980). *United States* v. *Clements*, 634 F. 2d 183, 186-187 (5th Cir. 1981). Conclusory assertions are insufficient to meet this burden. *United States* v. *Cimino, supra* at 537. The defendant has failed to meet that burden. Finding no factual support in the record for the claimed constitutional violation, we do not reach the question whether the second

judge applied an appropriate standard in determining that the claimed violation was not prejudicial.

Finally, the defendant asserts in his fourth assignment of error that the second judge erred in refusing to consider other alleged errors not raised at trial, on the first appeal, or on the first motion for new trial. There was no error. "Issues not raised at trial or pursued in available appellate proceedings are waived." *Commonwealth* v. *Pisa,* 384 Mass. 362, 366 (1981).

> *Orders denying motions for new*
> *trial affirmed.*