836 F.2d 1348
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Judith L. PORTER, Defendant-Appellant.
 No. 87-3349.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1988.
 
 Before MERRITT, CORNELIA G. KENNEDY, and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Defendant appeals the order of the district court that denied her motion for findings of fact pursuant to Fed.R.Crim.P. 32(c)(3)(D) for reduction in sentence. On January 21, 1986, the defendant pleaded guilty to one count of conspiracy, 18 U.S.C. Sec. 371, and was sentenced to four years of imprisonment. Thereafter, the defendant filed a series of post-conviction motions in which she claimed that the district court, in violation of Fed.R.Crim.P. 32(c)(3)(D), had failed to make findings of fact regarding alleged factual discrepancies in the defendant's presentence report. Defendant also claimed that her trial counsel had been ineffective in failing to advise her on the importance of the presentencing report or her ability to object to it. The district court in three separate orders rejected these arguments. We also now reject them and affirm the most recent of the three orders of the district court.
 
 
 3
 This court has recently held that a defendant seeking to rely on Rule 32(c)(3)(D) must have brought the alleged inaccuracies clearly to the district court's attention during the sentencing hearing. The defendant on appeal must also demonstrate that the challenged facts are false and that they were the basis for the sentence. United States v. Fry, No. 86-3094, slip op. p. 6-7 (6th Cir. October 22, 1987). The defendant failed to meet either of these requirements. Therefore, her claims relating to Rule 32(c)(3)(D) were properly denied.
 
 
 4
 The defendant's claims of ineffective assistance also were properly rejected. The record and the transcript of the hearing contain no evidence that the performance of defendant's trial counsel was deficient or that it affected the outcome of the sentencing proceeding. Accordingly, no ineffective assistance of counsel was shown. Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 5
 Finally, the defendant's four year sentence was not a violation of the equal protection clause. The sentence was well within that provided for a conspiracy conviction; it was also not disproportionate when compared to that of several of defendant's codefendants. United States v. Tucker, 404 U.S. 443, 447 (1972); United States v. Garcia, 693 F.2d 412 (5th Cir.1982).
 
 
 6
 Accordingly, the order of the district court entered on February 9, 1987, is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.