**UNITED STATES of America,
Appellee,**

v.

**Richard Newton BLAYLOCK, Jr.,
Appellant.**

**No. 15362.**

United States Court of Appeals,
Fourth Circuit.

Argued April 8, 1971.

Decided Oct. 7, 1971.

Robert G. Cabell, Jr., Richmond, Va. (White, Cabell & Paris, Richmond, Va., on brief), for appellant.

Justin W. Williams, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

After waiving his right to a jury, Richard Newton Blaylock, Jr., was convicted by the Court of wilfully refusing to submit to induction into the Armed Forces, in violation of 50 U.S.C. 462, and was sentenced to a term of four years and six months. Blaylock appeals from the conviction on the ground that there was a de facto reopening of his case by the local Board which entitled him to an administrative appeal from his classification of 1–A, but that nevertheless he was denied that appeal. We find there was no reopening, and that he was duly classified for induction. The conviction is affirmed.

The facts as brought out at trial show that the appellant registered initially with Local Board #54, Henrico County, Virginia, on April 14, 1966. He was given a student deferment for three years from that date, after which time he was classified 1–A. A physical examination on May 26, 1969, revealed that Blaylock was fit for military service. On a dependency questionnaire submitted to the local Board on May 30, 1969, the appellant indicated that his father's health was poor and that for this reason Blaylock did not know when he would have to become the family's sole support. The Board then reopened Blaylock's classification, but reclassified him 1–A. His mother noted an appeal, but the Appeal Board sustained the 1–A classification on August 7, 1969. One week later Blaylock was ordered to report for induction on September 24, 1969.

On September 11, 1969, Blaylock notified the local Board of his father's death, stating that he was needed at home as his mother's "only means of support." The local Board then decided to postpone his induction date and to grant him a personal appearance at its meeting on September 25. At the end of this hearing they indicated that they did not "feel justified in recommending this case" to the State Director for reopening.

On September 29, the Board mailed to Blaylock a notice that his postponement had ended and that he was ordered to report for induction on October 28. Induction was again postponed, however, at the request of the State Director in order to allow for a second physical examination, this time by an orthopedic specialist. On October 24, the specialist found Blaylock fit for service.

The local Board then requested Blaylock to appear for another interview with them on January 15, 1970, to discuss his hardship case. After this session in January the Board decided to recommend to the State Director "a reopening to give a 6 months deferment." The State Director's office did not reopen the classification, however, but returned the file to the local Board. Accompanying the file was a notation that the *local* Board had the authority to reopen, but that a dependency questionnaire should be completed and a welfare report obtained. Blaylock returned the questionnaire on January 27, 1970, stating in it that the family's house was paid for, but that his mother was unable to work and that it was his responsibility to "take over where his father left off." He listed his sister's income as $2000 per year.

The Henrico County Department of Welfare completed its report dealing with the Blaylocks' financial situation as requested by the Board and concluded that there was no necessity for the son to remain at home. It was pointed out that in addition to V.A. widow's benefits, Mrs. Blaylock could receive an allotment from her son during his term of service.

Following receipt of this welfare report, the local Board, on March 13, 1970, ordered Blaylock to report for induction on March 24, advising him that they could not recommend a reopening of his classification. On the designated date he appeared and was found acceptable,

but he refused induction on the basis of religious beliefs without mentioning his hardship claims. The present indictment followed shortly thereafter.

On this appeal from the conviction, counsel contends that Blaylock was not advised of his right of appeal from the classification and therefore should not have been ordered to report for induction. Unless his case had been reopened, he had no right to appeal.

The sole issue presented then is whether the local Board, in recommending that the State Director reopen Blaylock's classification and in asking for additional information, actually reopened the case.

The Government's chief witness, a Major Nathan H. Corman, Jr., on the staff of the State Director of Selective Service, testified that in his view the classification was not reopened when the local Board recommended that the State Director reopen it. His opinion was that the local Board "wanted to reopen but did not feel they had the authority to do so without being authorized by the State Director." The major felt the local Board was contemplating a reconsideration after the welfare report and dependency questionnaire were in, but did not deem the classification reopened prior to that time.

Since the appellant here had been sent a final order for induction on March 13, 1970, the local Board's actions were controlled by 32 CFR § 1625.2, which provides, inter alia, that

> "the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) *unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.*" (Emphasis added.)

As stated by this court in United States v. Bowen, 421 F.2d 193, 197 (4 Cir. 1970), the right to appeal "arises only upon original classification or a reclassification after reopening." Although *Bowen* was a conscientious objector case, the principle remains the same for all instances in which the induction notice has already been mailed. As was further pointed out in *Bowen,* supra, "[a]n interview to afford defendant an opportunity to remedy the deficiencies in his case does not foreclose a refusal to reopen when, after every opportunity for proof, defendant's claim remains patently frivolous." 421 F.2d at 197.

In this instance the local Board was under a legal duty to ascertain whether there had been a change in Blaylock's status as a result of his father's death. To do this a certain amount of investigation was necessary, such investigation not constituting a reopening, but merely a preliminary inquiry as required by the regulations. Finding no change sufficient to warrant reopening, the Board properly exercised its discretionary powers in denying Blaylock the deferment.

Accordingly, since no appeal is provided in the regulations from a failure to reopen in this context, Blaylock is not entitled to the relief he seeks.

Affirmed.