**UNITED STATES of America, Appellee,**

v.

**Bryan L. COHEN, Appellant.**

**No. 24, Docket 73-1675.**

United States Court of Appeals, Second Circuit.

Argued Sept. 13, 1973.

Decided Sept. 25, 1973.

Steven J. Hyman, New York City (Kunstler, Kunstler & Hyman, New York City, on the brief), for appellant.

George E. Wilson, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., S.D.N.Y., Peter L. Truebner, Asst. U. S. Atty., on the brief), for appellee.

Before LUMBARD, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

Bryan L. Cohen appeals from a judgment of conviction of refusing to submit to induction into the armed forces in violation of 50 U.S.C. App. § 462(a). After a non-jury trial in the United States District Court for the Southern District of New York, Judge Inzer B. Wyatt found appellant guilty and imposed a two-year sentence, two months of which were to be served in jail.[1] For reasons set forth below, we affirm the conviction.

Cohen registered with the Selective Service System in 1966, and from Octo-

---

1. Execution of the remaining portion of the sentence was suspended and Cohen was to be put on probation for two years. He was released on bail pending appeal.

ber 1967 until he was reclassified in September 1972, he was deferred as a student. In the latter month, he was reclassified 1–A, but took no appeal. On October 10, 1972, Cohen's local board mailed him a notice to report for induction on November 21, 1972. For the first time, Cohen then claimed hardship, which, under the applicable regulation, 32 C.F.R. § 1622.30, had to be "extreme" to merit deferment. The board granted Cohen a courtesy interview on November 15, and he appeared with relatives and submitted various documents. However, the board refused to reopen Cohen's classification, and advised him that he would have to report for induction on November 21, 1972. On that date, Cohen refused to take the symbolic step forward, and prosecution followed.

■■ Cohen contends that the board should have reopened his classification when he made his claim of extreme hardship, and that its failure to do so was arbitrary, thus nullifying the induction order. Under 32 C.F.R. § 1625.2, the board was in effect required to reopen Cohen's classification if he presented facts "not considered" when he was classified, "which, if true, would justify a change" in the classification.[2] Before the board, Cohen claimed that his wife and infant daughter were completely dependent upon him, financially and psychologically, that he had business debts from his one-half share of owning and operating a taxicab, that his wife was ill with phlebitis, and that other members of the family could not help out. How-

ever, under United States ex rel. Zelman v. Carpenter, 457 F.2d 621, 624 (2d Cir. 1972), the board could—and we must assume did—consider the availability of Cohen's pay and a dependency allotment. The board must also have been aware of other rights afforded a draftee and his family, e. g., medical care for dependents, 10 U.S.C. §§ 1076, 1077, and various forms of protection against creditors, 50 U.S.C. App. §§ 501 et seq., 464. Moreover, the board could also consider the statement apparently made to the board by appellant's brother-in-law that he and his mother "help out," at least in ways other than financial. As Judge Weinfeld stated in United States v. Mangone, 333 F.Supp. 932, 936 (S.D.N.Y. 1971), aff'd, 456 F.2d 1336 (2d Cir. 1972), the plight of appellant's wife and child

> if not better than most, was no different than that of hundreds of thousands of wives and children of registrants who were inducted into Service. As an inductee, there would have been available pay and allowances for his family's support, with the prospect of increased pay in view of his college education. (Footnote omitted.)

Although we are sensitive to the sacrifices imposed by the draft, we cannot say as a matter of law that appellant made out a prima facie case of "extreme hardship." Cf. Weissman v. Officer of the Day, 444 F.2d 1326 (2d Cir. 1971); Landau v. Allen, 424 F.2d 668 (6th Cir. 1970).

Judgment affirmed.[3]

---

2. Reopening is forbidden, however, after an induction order is mailed to a registrant

unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

Appellant asserts, and the Government disputes, that there was a showing here of a change in status after the order was mailed

to Cohen. As will be seen below, we need not reach this issue.

3. Cohen also argues that the local board, by granting him a courtesy interview and considering the documents he submitted, in fact reopened his classification. The claim is without merit. United States v. Blaylock, 448 F.2d 1307 (4th Cir. 1971), cert. denied, 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 751 (1972).