**UNITED STATES of America,**
**Appellee,**

v.

**Charles BAKER, Appellant.**

**No. 188, Docket 73–1598.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 16, 1973.

Decided Nov. 7, 1973.

Irving R. Kaufman, Chief Judge, filed concurring opinion; Lumbard, Circuit Judge, filed opinion dissenting in part.

Michael A. Young, New York City (Robert Kasanof, The Legal Aid Society, New York City, on the brief), for appellant.

George E. Wilson, Asst. U. S. Atty., New York City (Paul J. Curran, U. S. Atty., and John W. Nields, Jr., Asst. U.S. Atty., New York City, on the brief), for appellee.

Before KAUFMAN, Chief Judge, and LUMBARD and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Charles Baker appeals from a judgment of conviction entered April 13, 1973 after a jury trial in the Southern District of New York, Inzer B. Wyatt, *District Judge*, finding him guilty on two counts of failure to keep his local board advised of his mailing address and of his home address, in violation of Section 12(a) of the Military Selective Service Act of 1967, 50 U.S.C. App. § 462(a) (1970), and 32 C.F.R. §§ 1641.3 and 1641.7 (1972). He was sentenced, under 18 U.S.C. § 4208(a)(2) (1970), to concurrent one year terms of imprisonment on each count. He has been enlarged on bail pending appeal. We affirm.

Of the various claims of error raised on appeal, the only one that warrants brief mention is appellant's claim that

the district judge abused his discretion "by imposing sentence pursuant to a uniform sentencing policy which the judge followed in all selective service violation cases and by refusing to consider appellant's case individually."

In the first place, the statement in appellant's brief that "[t]he judge stressed that he had *not* considered 'Mr. Baker's case individually' in reaching this sentencing determination" represents an unfortunate lifting of four words out of context. Judge Wyatt previously had stated, "Well, I am going to disregard the past record of the defendant . . . . ." Then, immediately after the judge's sentence containing the four words quoted in appellant's brief—"It is not *Mr. Baker's case individually*" —Judge Wyatt said, "As I say, I haven't considered the prior convictions." Aside from reflecting the fact that the judge had considered appellant's pre-sentence report which of course was concerned with "Mr. Baker's case individually", Judge Wyatt's remarks, read in context, indicate only that he was not holding appellant's criminal record against him in imposing sentence in the instant case.

We turn next to the other part of appellant's claim—that the sentence here imposed was "pursuant to a uniform sentencing policy which the judge followed in all selective service violation cases." Here again, read in context, Judge Wyatt's sentencing remarks may be briefly summarized as follows: he was troubled by the "disparities in sentence depending on what particular judge has the responsibility of sentencing"; he noted that some judges "uniformly [place] Selective Service law violators on probation", while in many parts of the country federal judges impose the maximum five year sentence; he indicated that he felt he could not

discharge his responsibility with a clear conscience unless he imposed a prison term, which in most of his cases had been for a period of two years; in one case, however, he "gave probation or suspended sentence rather than prison"; in the instant case he stated that "I am going to change my practice and I am going to impose a one-year sentence. I am also going to make the defendant eligible for parole at such time as the Board of Parole may determine"; and he rejected the plea of appellant's counsel that the instant violations were merely "technical", thus meriting probation.

We reaffirm our disapproval of statements by a trial judge reflecting a fixed sentencing policy based on the category of crime rather than on the individualized record of the defendant. This applies to statements reflecting a policy of never incarcerating, as well as to a policy of always imprisoning.

Our careful examination of the record in the instant case, however, satisfies us that the sentence here imposed was not the product of a rigid sentencing policy in all selective service cases[1] and that it was not imposed without regard to appellant's case individually.

We have considered appellant's other claims of error and find them without merit.

Affirmed.

IRVING R. KAUFMAN, Chief Judge (concurring):

My dissenting brother has taken this opportunity to express at some length his condemnation of uniform or mechanical sentencing policies, while noting with approval the goal of individualized sentencing. Were it not for the facts of this case, I would not hesitate to join in Judge Lumbard's opinion for there can

---

1. Other recent cases in this Court involving appeals from selective service convictions before Judge Wyatt bear this out. See, e. g., United States v. Cohen, 485 F.2d 230 (2 Cir. 1973) (sentence of two months in prison, followed by two years of unsupervised probation); United States v. Williams, 486 F.2d 983, 984 n. 1 (2 Cir. 1973), slip op. 233, 234 n. 1 (October 31, 1973) (sentence of six months in prison, followed by two years probation).

be no dispute with his statement of elementary principles which are to govern every sentence. But, his exposition of the philosophical underpinnings of sentencing policy must not obscure the requisite analysis of the facts before us. Thus, for the reasons stated in the opinion of my brother Timbers, I am of the view that Judge Wyatt did not, in fact, follow a uniform sentencing policy for selective service cases, nor did he fail to consider Baker's violation in the context of the particular circumstances in which it was committed. Accordingly, I join Judge Timbers in affirming the judgment of conviction.

LUMBARD, Circuit Judge (dissenting in part):

While I agree that the conviction should be affirmed, I would remand the case for resentencing of the defendant. Unlike the majority, I believe that the record shows that Judge Wyatt did say that he was sentencing the defendant according to his uniform sentencing policy for selective service cases. Therefore, I dissent because I believe that any policy of sentencing which condemns a defendant to a year in jail for a certain offense and fails to consider the peculiar circumstances of his case constitutes an abuse of discretion.

Judge Wyatt stated that he was troubled by the disparity among judges in sentencing selective service violators. Some district judges, he said, uniformly place such violators on probation, while others routinely impose the maximum sentence of five years.[1] He further said that he had "habitually" given two-year sentences in these cases, although in one case out of six total cases he had given probation or a suspended sentence. He was troubled, but he felt that fairness to those men who did serve in the armed forces and who may have been killed or wounded required that he give some prison term. He concluded by saying:

It is not Mr. Baker's case individually. As I say, I haven't considered the prior convictions. On the other hand, it may be with the passage of time and further reflection a two-year sentence is too severe, and I am going to change my practice and I am going to impose a one-year sentence. I am also going to make the defendant eligible for parole at such time as the Board of Parole may determine.

Thus this record clearly shows that Judge Wyatt told Baker that he was being sentenced in accordance with a new uniform policy which the Judge had decided to follow. The Judge's disregard of appellant's prior criminal convictions, while possibly favorable to appellant, demonstrates that he was ignoring the appellant's particular situation, since he did not indicate any response to counsel's argument that Baker's life had changed from the time of those convictions. I believe that the failure to individualize Baker's sentence compels us to vacate the sentence imposed and remand for resentencing.

As any uniform sentencing policy is an abuse of discretion, there can be no doubt of our power to remand for the kind of consideration which it is the duty of the district judge to give in imposing sentence. We have previously required that a district court reconsider its sentence when it appeared that the court may have considered improper factors. McGee v. United States, 462 F.2d 243 (2d Cir. 1972). If, as appears, Judge Wyatt sentenced Baker in accordance with a uniform policy, he failed to exercise fully his discretion when he sentenced Baker by category of crime rather than by Baker's particular situation. In such a case, we have the power to review sentences for the failure of the district court to exercise its discretion. See United States v. Brown, 470 F.2d 285 (2d Cir. 1972); United States v. Wilson, 450 F.2d 495 (4th Cir. 1971);

[1]. Other judges have been troubled by the disparity in sentencing selective service violators. See M. Frankel, Criminal Sentences: Law Without Order 23 (1973); Solomon, Sentences in Selective Service and Income Tax Cases, 52 F.R.D. 481 (1970).

Briscoe v. United States, 129 U.S.App. D.C. 146, 391 F.2d 984 (1968).

Other courts of appeals have rejected the notion of uniform sentences, and have vacated sentences imposed pursuant to such a policy. Woosley v. United States, 478 F.2d 139, 143–145 (8th Cir. 1973) (en banc); United States v. Daniels, 446 F.2d 967, 971–972 (6th Cir. 1971); United States v. McCoy, 139 U.S.App.D.C. 60, 429 F.2d 739, 743 (1970). In *Woosley,* the trial judge's only explanation of a sentence of five years imprisonment for refusing induction was that "[i]t has been my policy, and I don't intend to change it at this point . . . ." 478 F.2d at 140. A majority of the Eighth Circuit held that such a "mechanical" sentence could not stand. The majority in *Woosley* were surely correct when they said:

> The rule against review of sentences is founded primarily upon the premises that a trial judge, who has the best opportunity to observe the defendant and evaluate his character, will exercise his discretion in imposing sentence . . . . On that assumption, we ordinarily defer to the trial court's judgment. However, where as here, the district court has not exercised discretion in imposing sentence, there is no reason for us to defer to the trial court's judgment. In reviewing such a sentence, we would not be usurping the discretion vested in trial judges; rather we would be according the defendant the judicial discretion to which he is entitled.

*Id.* at 144.

There is a sound basis for the requirement that the district judge individualize the defendant's sentence. The functions of criminal punishment are generally said to be specific deterrence, incapacitation, rehabilitation, general deterrence, education, and retribution. W. LaFave & A. Scott, Criminal Law § 5 (1972). Sentencing by type of crime alone would take account of only the last three purposes and would ignore the problems and capabilities of the particular defendant. The needs to deter, incapacitate, and rehabilitate a particular defendant require that sentences be individualized. Although our system of sentencing as presently administered has many deficiencies, see generally M. Frankel, *supra* note 1, no one questions the desirability of individualizing sentences.[2] "[S]entencing functions best when the judge demonstrates an understanding of *individualized treatment,* which means that the sentence must take into account the offender's needs." Advisory Council of Judges of the National Probation and Parole Association, Guides for Sentencing 4–5 (1957) (emphasis original).

In order to further the goal of individualized treatment, the President's Commission on Law Enforcement and the Administration of Justice recommended elimination of mandatory prison terms for crimes. President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society 142–43 (1967). The American Bar Association has also urged the elimination of mandatory sentences and has recommended that the sentencing court be provided with a wide range of alternative dispositions. American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures § 2.1, at 48–56 (Approved Draft, 1968). Congress in 1970 responded to these suggestions with the enactment of the Controlled Substances Act, 21 U.S.C. §§ 801–904, which, with one exception,[3]

---

2. The Supreme Court in Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949), said: "The belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to the past life and habits of a particular offender."

3. A minimum prison term of 10 years (or 20 years for prior offenders) must be imposed upon those convicted of engaging in a continuing criminal enterprise that violates the Controlled Substances Act. A continuing criminal enterprise is defined as one undertaken by five or more persons that engages in

eliminated the mandatory prison terms for narcotics violations that the Narcotics Control Act of 1956, ch. 629, 70 Stat. 567, imposed. See also Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). The sound policies behind the elimination of mandatory prison terms would be thwarted if any district judge were to impose uniform sentences for certain crimes.

No single judge, or even a group of judges, should be permitted to impose uniform sentences for certain crimes. The decision of whether mandatory sentences are necessary for certain crimes is for Congress alone to decide. Congress in 50 U.S.C.App. § 462 has given the district courts discretion to impose terms of imprisonment up to five years and fines up to $10,000 for selective service violations, and the district courts must exercise that discretion. See United States v. Daniels, *supra*, 446 F.2d at 971–972.

It follows that we should vacate the sentence imposed and remand for resentencing upon appropriate consideration of the presentence report.

a continuing series of violations and one in which the defendant is an organizer and derives substantial income from its activities. 21 U.S.C. § 848.