UNITED STATES of America, Appellee,

v.

Kiva S. MILLER, Appellant.

No. 363, Docket 77–1302.

United States Court of Appeals, Second Circuit.

Argued Nov. 7, 1977.

Decided Nov. 25, 1977.

Mark Lemle Amsterdam, New York City; for appellant.

Paul F. Corcoran, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., of counsel), for appellee.

Before KAUFMAN, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment in the United States District Court for the Eastern District of New York, Thomas C. Platt, *Judge,* sentencing Miller to 18 months' imprisonment on controlled substance conspiracy conviction after probation violation. Affirmed.

On September 5, 1975 Miller pled guilty to a charge of willfully conspiring to manufacture quantities of methaqualone, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, carrying a maximum possible sentence of 5 years' imprisonment and $15,000 fine. Miller was sentenced to 5 years, suspended after 3 months, 4 years' probation, and fined $10,000. This sentence took into consideration Miller's record—he had no prior criminal conviction—and individual circumstances—he ran a small trucking company which required his supervision and he supported a wife. At sentencing Judge Platt told Miller: "Were it not for your good record and were it not for your particular circumstances, you can rest assured the sentence would have been far more severe than it is going to be." As a condition for probation Miller was obliged to "refrain from violating any law (federal, state and local)." In announcing Miller's sentence, Judge Platt stated that "in a case of a drug offense, some punishment must be imposed" and indicated that it was his "policy" to mete out a "sentence" for such offenses. Miller did not appeal.

Miller was arrested by the New York Police Department on January 23, 1977 and

indicted for grand larceny, burglary, and criminal possession of stolen property. The initial charges against Miller were reduced to petit larceny, criminal trespass and disorderly conduct when the manager of a looted warehouse declined to press charges. Miller pled guilty to disorderly conduct and was fined $100. The remaining charges were then dropped.

Miller appeared before Judge Platt on July 1, 1977 for sentencing in connection with probation violation. At a probation violation hearing an off-duty policeman testified that he saw Miller and two accomplices removing merchandise from a damaged warehouse next to other buildings destroyed by fire, that when he approached Miller and identified himself as a peace officer Miller immediately sped away in his van, and that when he was apprehended with the goods Miller offered to return them if no report would be made of his activities. Miller declined to take the stand. Miller faced a maximum of 4 years, 9 months in prison remaining on the original sentence. Judge Platt sentenced Miller to 18 months' imprisonment under 18 U.S.C. § 4205(b)(2), with eligibility for parole when the Parole Commission should determine. In sentencing Miller, Judge Platt referred to his earlier sentence, which he described as lenient, and expressed his "shock" at Miller's probation violation: "I think you may be the only one that has come back to me on a violation of probation since my three years on this bench, and it was—it's a real shock to me." Miller appeals from this sentence.

Miller's first claim is based on an objection to his initial sentence because Judge Platt indicated that he believed some sentence must be imposed for drug offenses.

Miller's second claim is based on Judge Platt's reference to his initial sentence and Judge Platt's expression of "shock" at his probation violation. Miller asserts that these statements indicate that Judge Platt abused his discretion when sentencing him for violating his probation.

Probation revocation and modification are matters which call for the exercise of sound judicial discretion. *United States v. Mulligan,* 48 F.2d 93, 94 (2d Cir. 1931). We find no error here, however, either in the original sentence or in that imposed on revocation of probation.

To be sure, the use of the term "policy" was susceptible of misinterpretation. We do not approve or permit rigid classifications that prevent the exercise of the judge's legal discretion. *United States v. Baker,* 487 F.2d 360 (2d Cir. 1973). However, we take the judge's remarks considered as a whole to mean, not that imprisonment is mandatory in all drug cases, but that the fact of imprisonment in most drug cases in the district was a factor to be considered, in the light of the desirability of some uniformity of treatment among those similarly situated, and that the judge considered drug cases serious enough usually to merit a "sentence."

Here the sentencing judge's remarks, though brief, indicate that both at the time of the original sentence and the sentence on revocation of probation, the defendant's background and individual history were given substantial weight in tailoring the penalty. The original offense here was serious indeed, the manufacture and distribution of a controlled substance in large quantities and over an extended period, involving quantities of the drug of the order of 100,000 dosage units per month over a period of some 18 months. Even though the state offense charged was reduced to a relatively minor one in plea bargaining due to the reluctance of the victim to press charges, the offense on which the probation violation was based was shown at the revocation hearing to be in fact the looting of a warehouse located in a complex in which many buildings had been damaged by fire, by any standards a substantial violation of the conditions of probation.

The judgment is affirmed.