### 61829. COCHRAN v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of the offense of burglary. Defendant's amended motion for new trial was denied, and defendant appeals. *Held:*

1. The state's evidence is that the victim returned home to find that someone had entered his home without permission and removed a number of items. The victim identified several items introduced into evidence as having been taken from his house. A police officer testified as to a statement made by defendant. Defendant's statement, as related by the police officer, was that two accomplices entered the burglarized home while defendant "watched for them." The accomplices named by defendant testified, both stating that defendant had gone into the house with them. One of the accomplices testified that the exhibits, which the victim identified as having been taken in the burglary, looked "like the stuff" which the trio had taken.

After a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of burglary. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

2. A law enforcement officer testified as to reading to defendant his Miranda (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) rights from a form and witnessing defendant sign the form. This form was not inadmissible hearsay nor immaterial or irrelevant to the issues before the trial court. The writing, having been identified by the officer, was primary evidence as to the fact which was the question at issue on the Jackson-Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing to wit: the voluntariness of defendant's admissions. See *Willingham v. State,* 134 Ga. App. 603, 606 (3) (215 SE2d 521).

3. The defendant objected to the admission into evidence of two exhibits, a silver teapot and a pillowcase, on the grounds that "the chain of custody has not been sufficiently established, they have not been sufficiently authenticated and genuinized." The items were identified by the victim as having been taken in the burglary. As the

items could be identified upon mere observation, it was not necessary to trace their custody by requiring each custodian of the exhibits to testify. *Lord v. State,* 134 Ga. App. 683, 684 (2) (215 SE2d 493).

4. Immediately after the charge to the jury and the withdrawal of the jury, defendant moved for a mistrial based on an observation of the prosecutor (apparently a police officer), who had been seated for a time at the state's table but had not testified at trial, taking a portion of the evidence into the jury room. Defendant enumerates as error the denial of this motion.

We note that defendant's counsel declined an offer of the trial court to allow interrogation of the jurors as to whether they drew any inference from these circumstances. More importantly there was no suggestion of any communication with the jurors. The court also offered to give any curative instructions the defendant's counsel might want. However, the court's offer was declined. In the colloquy which ensued the prosecutor stated that he did not say anything to the jury and was in the room only long enough to lay the evidence on the table and then exit. "The Court: How long would you say you were in the Jury Room? Mr. Abernathy: Four (4) seconds. The Court: Four (4) seconds. Just time to walk in; lay it down; walk out. Mr. Abernathy: Yes."

As there was no communication between the prosecutor and the jurors in the case sub judice, we must conclude that the defendant has not been prejudiced. *Smith v. State,* 218 Ga. 216, 223 (126 SE2d 789); *Daniel v. State,* 187 Ga. 411, 414 (5) (1 SE2d 6). Compare *Martin v. State,* 242 Ga. 699, 701 (251 SE2d 240).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 23, 1981.

*Ben Lancaster,* for appellant.
*Darrell E. Wilson, District Attorney, C. Gregory Culverhouse, Assistant District Attorney,* for appellee.