## 68777. NATION v. THE STATE.
(323 SE2d 181)

POPE, Judge.

Shirley Ann Nation was tried before a jury and convicted of shoplifting four pairs of athletic socks from a department store. She brings this appeal enumerating three errors. *Held*:

1. Appellant first contends that the trial court erred in refusing to give a requested charge that in order to convict, the jury must find that she had the "specific intent to steal" and that her actions were not "accidental or inadvertent." The record discloses that the trial

court did charge the jury on the statutory definition of shoplifting, said definition requiring inter alia a finding of intent on the part of any person accused of the crime to appropriate merchandise to his own use without paying for same. See OCGA § 16-8-14 (a). The trial court also charged "that intent to commit the offense charged in [the] accusation is an essential element that the State must prove beyond a reasonable doubt." Further, the court charged "that a crime is a violation of a statute of the state in which there shall be a union or joint operation of act . . . and intention . . ." and also "that a person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears that there [was] no criminal scheme or undertaking or intention. . . ." See OCGA § 16-2-2. The foregoing excerpts from the charge, while not in the exact language requested by appellant, substantially covered the principle of law embodied in her request to charge. "There is no longer any requirement in our law that the trial court instruct the jury in the exact language of a request even though such request may be directly applicable to a material issue in the case. [Cits.] This ground of enumerated error is without merit." *White v. State*, 230 Ga. 327, 339 (196 SE2d 849) (1973). See *Smith v. State*, 148 Ga. App. 634 (8) (252 SE2d 62) (1979).

2. "A trial court must grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, [any] rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *Lee v. State*, 247 Ga. 411, 412 (276 SE2d 590) (1981). Applying this standard to the facts of record, we conclude that the trial court did not err in denying appellant's motion for directed verdict. See *Cloud v. State*, 169 Ga. App. 51 (1) (311 SE2d 491) (1983); *Drinkard v. State*, 155 Ga. App. 638 (271 SE2d 889) (1980).

3. Appellant's final enumeration cites as error the trial court admitting into evidence the four pairs of athletic socks allegedly pilfered by appellant on the ground that the chain of custody of the socks had not been properly established. These items were distinct and recognizable physical objects, the same being properly identified by witnesses for the State as the items (or as being similar to the items) taken by appellant. Thus, unlike fungible articles, these athletic socks required no custodial proof for their admission. See *Cochran v. State*, 158 Ga. App. 355 (3) (280 SE2d 172) (1981); *Lord v. State*, 134 Ga. App. 683 (2) (215 SE2d 493) (1975); *Starks v. State*, 113 Ga. App. 780 (1) (149 SE2d 841) (1966).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 11, 1984 —
REHEARING DENIED OCTOBER 10, 1984

*Charles S. Thornton, Frank J. Petrella,* for appellant.
*Frank C. Winn, District Attorney, Richard S. Thompson, Assistant District Attorney,* for appellee.