## 69826. GONZALEZ v. THE STATE.
(332 SE2d 904)

POPE, Judge.

Guillermo Gonzalez was convicted, along with co-defendant Alfonso Hidalgo, of the crime of influencing a witness. The evidence presented by the State authorized the jury to find that Gonzalez and Hidalgo had been charged earlier with conspiracy to traffic in cocaine and conspiracy to traffic in marijuana. At a hearing in regard to these earlier charges, Orlando Milian, also charged in connection with the drug trafficking conspiracies, pleaded guilty. As part of his plea bargain, Milian agreed in open court to testify against the remaining conspirators including Gonzalez and Hidalgo.

The defendant in the present case, Gonzalez, was present and seated in the jury box during the time Milian was entering his plea. Hidalgo was seated in the spectator area. Each was observed mouthing words to the other, using sign language and gesturing toward Milian. As Milian finished his plea and began to leave the court, Hidalgo moved to a position in the front row of benches where Milian was forced to pass directly by him. At this point, Hidalgo spoke in Spanish to Gonzalez and said, "Don't worry. Mr. Milian is going to be sick today." As Milian walked to the elevator, Hidalgo approached him and said, "Watch and see what you're going to say about Guillermo." This also was said in Spanish. Milian then went to speak to Lt. Townley, the investigating officer in the drug case. Townley testi-

fied that Milian appeared nervous; his hands were shaking and his face was flushed. Officer Sanchez also observed Milian and testified he was unusually nervous.

1. Gonzalez' first enumeration of error is that the trial court erred in overruling his motion to quash the indictment. Gonzalez contends he was put in jeopardy twice because evidence of the threat against Milian was introduced at the trial for conspiracy to traffic in cocaine and marijuana. We find no merit in this enumeration. OCGA § 16-1-8 (b) (1) provides inter alia that a prosecution is barred if the accused was prosecuted previously for a different crime, if the former prosecution ended either in conviction or acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted or should have been charged on the former prosecution. Clearly, the present case does not fall within this rule. Gonzalez could not have been charged at the time of the former indictment or prosecution because the conduct for which he was tried in the present case did not occur until well after the conspiracy charged in that indictment had ended. Nor should the crime for which Gonzalez was prosecuted in the present case have been charged and tried in the former case. It did not arise from the same conduct, and, therefore, OCGA § 16-1-7 would not apply.

2. Gonzalez next argues that the trial court erred in admitting into evidence, and allowing to go to the jury, a copy of the drug conspiracy indictment against him. We find no error in admitting the indictment. It was relevant, indeed necessary, to have the indictment in evidence to show an essential element of the crime charged, that Gonzalez attempted to influence a witness in a matter pending in court. See OCGA § 16-10-93. The court first allowed the indictment in for purposes of the record only; later, after argument and before the charge, the court ruled that the indictment would go out with the jury. Gonzalez argues that doing this without allowing his counsel to re-argue closing before the jury deprived him of due process in that he was deprived of his right to confront "new evidence." We do not agree. The fact of the indictment was already before the jury. Counsel had ample opportunity to try to counter its effect on the jury. The indictment itself was merely cumulative of other evidence introduced at trial. Therefore, we fail to see any error in allowing the indictment to go to the jury.

3. Next Gonzalez argues that the trial court erred in admitting into evidence a pistol seized from co-defendant Hidalgo on October 14, 1983, some two and one-half months before the incident charged in the indictment on which Gonzalez and Hidalgo were being tried in this case. Gonzalez made no objection to the testimony regarding the seizure of the pistol, but only objected to the State's tender of the actual pistol into evidence. Gonzalez' argument is that the pistol was

irrelevant to any issue in the trial. It is his contention that there was no evidence of threat of injury to the witness. We cannot agree with this characterization of the evidence. "Questions of the relevancy of evidence are for the court. When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them." (Citations omitted.) *Williams v. State*, 153 Ga. App. 890, 892 (267 SE2d 305) (1980). This enumeration is without merit.

4. In his fourth enumeration, Gonzalez again argues that the court erred by admitting irrelevant evidence, in this instance documents seized in the October 14, 1983 raid. The State alleged that the documents showed the flow of an organization to distribute cocaine. One of the branches listed on the document was "protection." As such, we feel that there is sufficient connection with the issue being tried, threats against a witness who was to testify in a cocaine conspiracy trial, to warrant admission into evidence. We find no error.

5. Gonzalez complains that the trial court's charge was confusing and prejudicial. We have examined the charge and, taken as a whole, find it a correct statement of the law as applied to the evidence of the case. The court took pains to carefully explain to the jury the limited purposes for which the indictment in the previous case and the pistol were admitted into evidence. The court also included a brief explanation of conspiracy, so that the jurors could better understand the previous indictment so that they might understand the relationship of each co-defendant to the other in regard to that indictment for the purpose of ascertaining a motive for influencing the witness. We think the charge, as a whole, was accurate, impartial and in no way prejudicial to Gonzalez. Therefore, we find no error. See *Riceman v. State*, 166 Ga. App. 825 (2) (305 SE2d 595) (1983).

6. Finally, Gonzalez argues that the court erred in denying his motion for directed verdict. " 'A trial court must grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, (any) rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.' [Cit.]." *Nation v. State*, 172 Ga. App. 354, 355 (323 SE2d 181) (1984). Applying this standard to the present case, we find no error in the trial court's denial of Gonzalez' motion for directed verdict.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

While I agree, I believe that with respect to Division 1, it should be pointed out that appellant invoked not only the two statutory pro-

visions but also the Fifth Amendment double jeopardy clause and the double jeopardy provision of the 1983 Constitution of Georgia, Art. I, Sec. I, Par. XVIII (although it is erroneously cited as Par. XV). However, he does not show how he has been deprived of these fundamental guarantees.

DECIDED JUNE 4, 1985 —
REHEARING DENIED JUNE 21, 1985 — 

Constance M. Boughan, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys, for appellee.