70251. DUKE v. THE STATE.
(335 SE2d 400)

CARLEY, Judge.

Appellant appeals from his conviction of one count of burglary.

1. The general grounds are enumerated. Viewed in the light most favorable to the verdict, evidence was presented at trial to establish that the victims of the burglary had gone out of town, and a neighbor was watching their house for them. The neighbor arrived at the house one day and noticed an unfamiliar blue car parked in the driveway. The gate leading to the victims' yard was ajar, and a window in the front of the house had been pried open. The neighbor called out, and two men who were not authorized to be inside the house looked out of its windows. One of the men was not very large, had dark hair, and was wearing a red tee shirt and blue jeans. Upon observing that the house was occupied, the neighbor noted the license number of the blue car and left to get a friend to help him. When he returned, the blue car, carrying two occupants, was hurriedly leaving the scene. The neighbor then went into the house and called the police. Inside the house, various items such as radios and a tape recorder had been piled onto a couch. It was subsequently discovered that a handgun was missing from the residence.

The police traced the license number of the blue car and learned

that it was registered to appellant. The police immediately went to appellant's residence, but the blue car was not there. A short time later, the car was observed at appellant's home, and the investigating officer returned there. When appellant, who had dark hair and was not very large, answered the door, he was wearing a red tee shirt and blue jeans. He was subsequently arrested and charged with burglary. Thereafter, it was discovered that appellant had attempted to establish an alibi by asking an employee of a tire store to state that appellant's car had been left at the store the entire day on the date of the burglary.

Appellant contends that the foregoing circumstantial evidence did not establish his presence at the scene of the crime, and that the evidence did not exclude all reasonable hypotheses save that of his guilt. See generally *Denham v. State*, 144 Ga. App. 373, 374 (1) (241 SE2d 295) (1977); *Bogan v. State*, 158 Ga. App. 1 (279 SE2d 229) (1981). " 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' [Cit.] 'However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. [Cit.] When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]' [Cit.]" *Brewer v. State*, 156 Ga. App. 468, 469 (274 SE2d 817) (1980).

The evidence in the instant case supported the jury's determination that appellant was one of the two persons who unlawfully entered the victim's residence and subsequently fled in appellant's car. It was not necessary for the State to prove that it was impossible for the offense to have been committed by someone else. *Perry v. State*, 158 Ga. App. 349, 351 (280 SE2d 390) (1981); *Pinson v. State*, 235 Ga. 188, 190 (219 SE2d 125) (1975). Moreover, the evidence adduced at trial was sufficient to establish more than appellant's mere presence coupled with his flight from the scene of the crime. There was evidence that property of the victims had been piled for removal, and that a handgun had been taken from the burglarized premises. Thus, there was ample evidence to support an inference of an intent to steal. See *Fields v. State*, 167 Ga. App. 400, 401 (1) (306 SE2d 695) (1983). There was also evidence of appellant's effort to establish an alibi for himself by attempting to influence another person to give false testimony. See *Grindle v. State*, 151 Ga. App. 255, 256 (3) (259

SE2d 663) (1979). We find that the circumstantial evidence in the instant case was sufficient for a rational trior of fact to find beyond a reasonable doubt that appellant committed the offense of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Estep v. State*, 154 Ga. App. 1 (267 SE2d 314) (1980); *Bogan v. State*, supra; *Perry v. State*, supra; *Chambless v. State*, 165 Ga. App. 194, 195 (2) (300 SE2d 201) (1983). Compare *Parker v. State*, 155 Ga. App. 617 (2) (271 SE2d 871) (1980).

2. Appellant also enumerates as error the admission into evidence over objection of a handgun.

Appellant first contends that the weapon was not properly identified. However, one of the victims of the crime testified that the gun was hers and that it had been taken in the burglary. This identification testimony was sufficient. The State was not required to prove a chain of custody of the exhibit, since the gun was a distinct and recognizable physical object which could be identified upon mere observation. *Ramey v. State*, 238 Ga. 111, 113 (4) (230 SE2d 891) (1976); *Cochran v. State*, 158 Ga. App. 355 (3) (280 SE2d 172) (1981).

Appellant further asserts that there was no proven connection between the gun and his commission of the crime, and that it was accordingly irrelevant to the issues being tried. As previously noted, however, the stolen gun tended to establish an intent to steal, a necessary element of the crime charged in the indictment against appellant. The physical evidence of the gun was relevant to that issue, and there was a sufficient basis to authorize the jury to determine its weight and effect. *Watkins v. State*, 160 Ga. App. 9, 11 (3) (285 SE2d 758) (1981). "That the [evidence] objected to falls short of proving the fact sought to be established, is not in itself sufficient reason for excluding it, provided that it, alone or in connection with other testimony, tends to prove the matter in issue. [Cit.]" *Harris v. State*, 142 Ga. App. 37, 41 (7) (234 SE2d 798) (1977). The trial court did not err in admitting the gun into evidence. Compare *Paxton v. State*, 160 Ga. App. 19, 22 (6) (285 SE2d 741) (1981); *Cunningham v. State*, 248 Ga. 835, 837 (4) (286 SE2d 427) (1982), wherein the challenged evidence had no connection whatsoever to the crime charged or to the accused.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 3, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985.

*Wade M. Crumbley*, for appellant.
*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr., Assistant District Attorney*, for appellee.