**Shirley Ann NATION, Plaintiff,**

v.

**STATE OF GEORGIA and Earl Lee, Sheriff, Defendants.**

Civ. A. No. C 85–4669 A.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 7, 1986.

Frank J. Petrella, Atlanta, Ga., for plaintiff.

Richard S. Thompson, Asst. Dist. Atty., Douglas Judicial Circuit, Douglasville, Ga., for defendants.

## ORDER

VINING, District Judge.

The petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from a sentence imposed upon her by the Superior Court of Douglas County, Georgia. Although the magistrate has recommended that the petition be granted, this court, for the reasons given below, declines to adopt the recommendation of the magistrate.

Upon a jury's finding that the petitioner was guilty of the charge of theft by shoplifting, the trial court sentenced the petitioner to a term of 12 months, to serve 30 days in confinement, with the rest of the sentence to be served on probation. The verdict and sentence were affirmed on appeal. *Nation v. State*, 172 Ga.App. 354, 323 S.E.2d 181 (1984). She then filed a petition for a writ of habeas corpus in the Superior Court of Douglas County, raising the issue of whether a mandatory sentencing policy violated due process. The petition was denied, and a certificate of probable cause was granted by the Supreme Court. The Supreme Court then remanded the case for the habeas court (which was also the sentencing court) to enter findings of fact and conclusions of law upon which the denial of the petition for writ of habeas corpus was based. Following the entry of such findings and conclusions, the Supreme Court affirmed the denial of the writ, holding that the petitioner had not established the fact that the trial court had pursued a policy of sentencing every person convicted of shoplifting to a period of incarceration. *Nation v. Lee*, 254 Ga. 726, 334 S.E.2d 160 (1985). The petitioner then filed the instant petition in this court.

Although the evidence is contradictory, this court will assume for purposes of this petition that Judge Robert J. Noland, the state trial judge who sentenced the petitioner, does have a policy of sentencing all persons found guilty of shoplifting to a

period of incarceration. Consequently, the sole issue before this court is whether such a sentencing policy, without regard to individual circumstances, is a violation of due process.

The Eleventh Circuit, together with several other circuits, has held that a mechanical sentencing formula is an abdication of judicial responsibility and that implementing a rigid sentencing policy based solely on the crime of which a defendant is convicted is an abuse of discretion. *United States v. Brown,* 723 F.2d 826 (11th Cir. 1984). *See also United States v. Barker,* 771 F.2d 1362 (9th Cir.1985); *United States v. Sparrow,* 673 F.2d 862 (5th Cir.1982); *United States v. Foss,* 501 F.2d 522 (1st Cir.1974); *United States v. Hartford,* 489 F.2d 652 (5th Cir.1974); *United States v. Baker,* 487 F.2d 360 (2d Cir.1973); *United States v. McCoy,* 429 F.2d 739 (D.C.Cir. 1970). However, each of these cases involved a situation wherein a federal appellate court was reviewing a sentence imposed by a federal district court. In each of these cases the federal appellate court held that the sentencing court had abused its discretion in imposing sentence; however, none of the appellate courts held that the refusal to exercise discretion violated the defendant's constitutional rights.

The petitioner has cited no case wherein a federal appellate court has held that implementing a policy of imposing a particular sentence for a particular crime violates a defendant's constitutional rights. The two Supreme Court cases relied upon by the petitioner involving federal review of a state sentence do not stand for the proposition that a mandatory sentencing policy is unconstitutional. In *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), and *Williams v. Oklahoma,* 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959), the Supreme Court merely held that a sentencing judge is authorized to consider all the mitigating and aggravating cir-

cumstances involved in the crime and is not bound strictly by the evidence presented during the trial of the case. Consequently, the Supreme Court held that a trial court is authorized to rely upon information presented by probation workers or presentence investigators. Although the Supreme Court and federal appellate courts have encouraged individualized sentencing, neither the Supreme Court nor the Eleventh Circuit has held that the failure to conduct individualized sentencing is unconstitutional.[1]

Although the sentencing court may have abused its discretion in following a policy that does not result in individualized sentencing, this court holds that such an abuse of discretion is not unconstitutional. Consequently, the petitioner's petition for writ of habeas corpus is DENIED.

---

**1.** Of course, the Supreme Court has held that such individualized sentencing is constitutionally required in death cases. However, the Supreme Court has also recognized that "the qualitative difference of death from all other punish-ments requires a correspondingly greater degree of scrutiny of the capital sentencing determination." *California v. Ramos,* 463 U.S. 992, 998–99, 103 S.Ct. 3446, 3451, 77 L.Ed.2d 1171 (1983).