## A96A0761. WALKER v. THE STATE.
(474 SE2d 695)

MCMURRAY, Presiding Judge.

Defendant Walker appeals his conviction of the offense of aggravated assault. The sole enumeration of error complains of the denial of a motion for new trial based on newly discovered evidence, the confession of another to the crime of which defendant was convicted. *Held:*

The granting of a new trial based on newly discovered evidence is not favored and six well established requirements must be satisfied before a new trial will be granted. "On motion for a new trial based on newly discovered evidence, it is incumbent that the movant satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence is accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. All six requirements must be satisfied before a new trial will be granted. Failure to show one requirement is sufficient to deny a motion for new trial. *Timberlake v. State,* 246 Ga. 488, 491 (271 SE2d 792) (1980); *Offutt v. State,* 238 Ga. 454, 455 (233 SE2d 191) (1977)." *Humphrey v. State,* 252 Ga. 525, 527 (3), 528 (314 SE2d 436). Since defendant has failed to satisfy at least two of these criteria, affirmance of the denial of defendant's motion for new trial is required.

Defendant was indicted and tried along with co-defendant Hawkins. On the evening in question, these men became involved in a dispute concerning the right of way while cruising the parking area of a shopping center. This dispute with the victim of the aggravated assault and a companion was resolved only after police intervened. Several hours later and at a location in the same shopping center, the victim was suddenly approached and shot by two or three assail-

ants. The victim testified that defendant Walker, whom he knew and had worked with, was one of the assailants.

The newly discovered evidence relied upon by defendant is a confession by the brother of co-defendant Hawkins, against whom other felony charges were pending, and who states that he was solely responsible for the assault on the victim. The confession is thus cumulative in that it addresses an issue upon which evidence was presented at trial, that is, the identity of the perpetrators. Further, the confession only serves to impeach the credibility of the witnesses at trial, particularly the testimony of the victim identifying his assailants. *Van Scoik v. State*, 142 Ga. App. 341 (235 SE2d 765).

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Ruffin, J., concurs in the judgment only.*

DECIDED AUGUST 15, 1996.

*Betty S. Frazer*, for appellant.
*Britt R. Priddy, District Attorney, Max G. Factor, Assistant District Attorney*, for appellee.