## A97A1244. THOMAS v. THE STATE.
(489 SE2d 561)

Judge Harold R. Banke.

William Marvin Thomas was convicted of influencing witnesses and criminal trespass. On appeal, he enumerates four errors.

The charges arose after Thomas and another man entered the victim's yard and attempted to break into her rural home. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). Thomas made his way around the house, yelling and beating on the windows and doors as he attempted to open them. After about 15 minutes, the men left. A young boy living at the victim's home identified Thomas as he circled the house. He and his sister had been placed at the victim's home by the Department of Family & Children Services after the children alleged they had been molested by Thomas and others. At the time of trial, aggravated child molestation charges based upon the children's allegations remained pending against Thomas in another county. *Held*:

1. Thomas maintains the trial court erred by admitting into evidence, and allowing to go to the jury, a copy of the indictment charg-

---

ing him with aggravated child molestation of the two children residing with the victim. Thomas asserts that the admission of the charges prejudiced the jury against him sufficiently to preclude a fair trial. We disagree.

One of the essential elements of the influencing witness charge was an "intent to deter a witness from testifying freely, fully, and truthfully to any matter pending in any court. . . ." OCGA § 16-10-93. The indictment alleged that Thomas sought to deter the children from testifying against him in the above-mentioned child molestation case. Thus, "[i]t was relevant, indeed necessary, to have the indictment [on the pending child molestation charges] in evidence to show an essential element of the crime charged," that Thomas' attempt to influence witnesses related to a matter pending in court. *Gonzalez v. State*, 175 Ga. App. 184, 185 (2) (332 SE2d 904) (1985).

2. The trial court did not err in admitting the victim's testimony that the young boy identified Thomas as he attempted to enter the house. The statement, made while Thomas was committing the offenses, was admissible as part of the res gestae. OCGA § 24-3-3; see *Wilburn v. State*, 199 Ga. App. 667 (1), 668 (405 SE2d 889) (1991).

3. The evidence was sufficient to withstand Thomas' motion for directed verdict of acquittal. The State was required to prove that Thomas indirectly communicated to the children a threat of injury or damage to their persons. OCGA § 16-10-93. The evidence of the pending criminal proceedings involving the children combined with proof that Thomas shouted and pounded on the doors and windows trying to enter the victim's home was sufficient to satisfy the requisites of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

As to the criminal trespass charge, review of the trial transcript in the light most favorable to the verdict reveals evidence from which the jury could legitimately infer that Thomas entered the victim's property for an unlawful purpose, specifically, to deter the children from testifying against him in his upcoming child molestation case. OCGA § 16-7-21 (b) (1). The victim testified that Thomas was the children's father's best friend, had been arrested for molesting the children, and had not previously been to her isolated, rural home. She also testified that Thomas pounded on her doors and windows in an attempt to enter. Although the victim found his shouting unintelligible, the young girl responded by hiding under a bed during the offense, and the boy armed himself with scissors. While this evidence is not overwhelming, it is sufficient to sustain the verdict.

4. The trial court did not err by rejecting Thomas' claim that newly discovered evidence entitled him to a new trial. Such motions must fail unless, inter alia, the information comes to light after trial, is probably outcome determinative, and not merely cumulative or impeaching. *Walker v. State*, 222 Ga. App. 491 (474 SE2d 695) (1996).

The information, derived from the affidavit of the Franklin County Sheriff, indicated that Thomas was seen at his home at 5:20, shortly before his arrest. This evidence was available to Thomas at the time of trial.

Furthermore, pretermitting when the evidence was available, it does not demand a different result. The arrest warrant indicated that the offense occurred around 5:05. The investigating officer testified that the victim's 911 call came in at 5:05 and the offenses occurred 20 to 30 minutes earlier. The victim testified that the offenses continued for ten to fifteen minutes and she had waited ten to fifteen minutes before calling police. In the face of such testimony, we cannot say the affidavit exonerates Thomas. Id.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JULY 16, 1997.

*Andrew J. Hill, Jr., Floyd W. Keeble, Jr.,* for appellant.
*Michael H. Crawford, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.